**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF SUNRISE FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH, and MARK A. L. MASON,<br><br>     Defendants. | Case No. 1:20-cv-9132-AJN<br><br>CLASS ACTION<br><br><br><br>JURY TRIAL DEMANDED |

*Captions continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF KBC ASSET MANAGEMENT NV AND PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH and MARK A. L. MASON,<br><br>　　　　　　　　　Defendants. | Case No. 1:20-cv-9573-AJN<br><br>CLASS ACTION<br><br><br><br>JURY TRIAL DEMANDED |
| TIMOTHY LIM, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH, and MARK A. L. MASON,<br><br>　　　　　　　　　Defendants. | Case No. 1:20-cv-10360-UA<br><br>CLASS ACTION<br><br><br><br>JURY TRIAL DEMANDED |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND....................................................................................4

III.  ARGUMENT ......................................................................................................5

      A.    The PSLRA's Standard for Appointing a Lead Plaintiff........................5

      B.    KBC and Pembroke Pines Are the "Most Adequate Plaintiff".............6

            1.    KBC and Pembroke Pines' motion is timely. .............................6

            2.    KBC and Pembroke Pines have the largest financial interest in the
                  relief sought by the Class. .........................................................6

            3.    KBC and Pembroke Pines are Typical and Adequate. ...............7

            4.    KBC and Pembroke Pines are precisely the type of Lead Plaintiff
                  envisioned by the PSLRA. ..........................................................9

      C.    The Court Should Approve KBC and Pembroke Pines' Selection Of
            Counsel ...............................................................................................12

      D.    The Related Actions Should Be Consolidated.....................................14

IV.   CONCLUSION..................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................9, 12

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ....................................................................15

*Cook v. Allergan PLC*,
2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ..........................................................9

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ..............................................................................2

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ..............................................................................9

*Jacobs v. Castillo*,
612 F. Supp. 2d 369 (S.D.N.Y. 2009)......................................................................15

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................15

*Mustafin v. GreenSky, Inc.*,
2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ........................................................12

*Omdahl v. Farfetch Ltd.*,
2020 WL 3072291 (S.D.N.Y. June 10, 2020) ..................................................5, 7, 8

*Pinkowitz v. Elan Corp., PLC*,
2002 WL 1822118 (S.D.N.Y. July 29, 2002)..........................................................15

*Reimer v. Ambac Fin. Grp., Inc.*,
2008 WL 2073931 (S.D.N.Y. May 9, 2008) .....................................................11, 12

*Sgalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) ..............................................................................7

*In re SiRF Tech. Holdings, Inc. Sec. Litig.*,
2008 WL 2220601 (N.D. Cal. May 27, 2008)...........................................................9

*Springer v. Code Rebel Corp.*,
2017 WL 838197 (S.D.N.Y. Mar. 2, 2017) ............................................................12

*In re Vivendi Universal, S.A. Sec. Litig.*,
605 F. Supp. 2d 570 (S.D.N.Y. 2009)........................................................................8

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008)..................................................................................8

**STATUTES**

15 U.S.C. § 78u-4(a) ........................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)......................................................................................8

Fed. R. Civ. P. 42(a) .......................................................................................15

KBC Asset Management NV ("KBC") and Pembroke Pines Firefighters & Police Officers Pension Fund ("Pembroke Pines") respectfully submit this memorandum of law in support of their Motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (1) appointing KBC and Pembroke Pines as Lead Plaintiff; (2) approving KBC and Pembroke Pines' selection of Motley Rice LLC ("Motley Rice") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the proposed Class; (3) consolidating the above-captioned related actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) granting such other and further relief as the Court may deem just and proper.

## I.   INTRODUCTION

KBC and Pembroke Pines—sophisticated institutional investors with well over $100 billion in assets under management combined—respectfully submit that they should be appointed Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired Citigroup Inc. ("Citi" or the "Company") securities during the Class Period (the "Class"). The Related Actions brought against Citi and its current and former executives Michael L. Corbat, John C. Gerspach, and Mark A. L. Mason (collectively, "Defendants"), allege violations of Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.[1] The Related Actions allege that during the Class Period, following

---

[1] On November 18, 2020, *City of Sunrise Firefighters' Pension Fund v. Citigroup Inc.*, No. 1:20-cv-9132-AJN (S.D.N.Y.) (the "*City of Sunrise* Action"), and *City of Sterling Heights General Employees' Retirement. System v. Citigroup Inc.*, No. 1:20-cv-9573-AJN (S.D.N.Y) (the "*Sterling Heights* Action"), were accepted as related to a shareholder derivative action pending in this Court, *Andersen v. Corbat, et al.*, No. 1:20-cv-8669-AJN (S.D.N.Y.). On December 10, 2020, *Lim v. Citigroup Inc.*, No. 1:20-cv-10360-UA (S.D.N.Y) (the "*Lim* Action"), was referred to this Court as possibly related to the *City of Sunrise* Action.

previous consent orders with the Office of the Comptroller of the Currency (the "OCC") requiring improvement to its internal controls, Citi misrepresented that it had proper controls, data governance systems, compliance, and risk management in place. Citi shareholders—including KBC and Pembroke Pines—incurred significant losses after the truth about Citi's control deficiencies was revealed, including through the disclosure that the OCC levied a $400 million penalty and issued a consent order that found that "senior management oversight is inadequate to ensure timely, appropriate actions to correct the serious and longstanding deficiencies and unsafe or unsound practices in the areas of risk management, internal controls, and data governance at the [Company]," with parallel fines and consent orders from the Federal Reserve.

The first of the Related Actions was brought by counsel for Pembroke Pines and one of the proposed Lead Counsel for the Class, Bernstein Litowitz, on behalf of all those who purchased or otherwise acquired Citi's common stock between February 25, 2017 and October 12, 2020, inclusive.[2] The two subsequently filed actions reference a slightly longer Class Period, between January 15, 2016 and October 12, 2020, inclusive.[3]

The PSLRA governs the appointment of a lead plaintiff in class actions asserting violations of the federal securities laws, and directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to identify the movant that asserts the "largest financial interest" in the relief sought by the Class, and determine whether that movant has made a *prima facie* showing that it is a typical and adequate

---

[2] *See City of Sunrise* Action, ECF No. 1 ¶ 1.

[3] *See City of Sterling Heights* Action, ECF No. 1 ¶ 1; *Lim* Action, ECF No. 1 ¶ 1. At the lead plaintiff stage, the most-inclusive class definition controls. *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (using "most inclusive class period . . . as it encompasses more potential class members" in lead plaintiff selection process). As such, KBC and Pembroke Pines rely on a January 15, 2016 to October 12, 2020 Class Period in assessing their financial interest.

Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, KBC and Pembroke Pines are the "most adequate plaintiff" by virtue of, among other things, the approximately $28.7 million in losses when calculated on a last-in, first-out ("LIFO") basis that they incurred on their purchases of more than 4.1 million shares of Citi stock during the Class Period.[4]

In addition to asserting the largest financial interest, KBC and Pembroke Pines also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class and because they will fairly and adequately represent the Class.  Moreover, KBC and Pembroke Pines are the prototypical lead plaintiffs envisioned by Congress when enacting the PSLRA and their appointment would therefore fulfill the important legislative purpose behind the statute.  Further, as set forth in greater detail in their Joint Declaration submitted herewith, KBC and Pembroke Pines fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.[5]

Finally, KBC and Pembroke Pines have retained experienced and competent counsel to represent the Class.  Motley Rice and Bernstein Litowitz have substantial experience prosecuting securities class actions and a history of obtaining significant recoveries for investors.  In addition,

---

[4] KBC's and Pembroke Pines' PSLRA-required Certifications are provided as Exhibit A to the Declaration of Hannah Ross in Support of the Motion of KBC Asset Management NV and Pembroke Pines Firefighters & Police Officers Pension Fund for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of Related Actions ("Ross Decl."). In addition, charts setting forth calculations of KBC's and Pembroke Pines' losses are provided as Exhibit B to the Ross Decl.

[5] *See* Joint Declaration of Bart Elst and James Fisher in Support of the Motion of KBC Asset Management NV and Pembroke Pines Firefighters & Police Officers Pension Fund for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of Related Actions ("Joint Declaration"), Ross Decl., Ex. C.

Bernstein Litowitz developed and filed the first action against Citi alleging the claims here. Accordingly, KBC and Pembroke Pines respectfully request that their selection of Motley Rice and Bernstein Litowitz as Lead Counsel for the Class be approved.

## II.   FACTUAL BACKGROUND

Citi is a multinational investment bank and financial services corporation with its headquarters in New York, New York.   The claims asserted arise from Defendants' misrepresentations and omissions regarding Citi's internal controls, risk management capabilities, and regulatory compliance.[6]   As a result of Defendants' misrepresentations, shares of Citi's common stock traded at artificially inflated prices during the Class Period.   The truth began to emerge on August 13, 2020, when reports surfaced that Citi had accidentally paid almost $900 million in principal payments to creditors of Revlon, Inc. on a loan for which Citi was an administrative agent.   Less than a month later, on September 10, 2020, Citi announced in a press release that CEO Michael Corbat would be retiring in February 2021, much earlier than the general expectation that he would step down some time in 2022.

Then, on September 14, 2020, reports surfaced that the OCC and the Federal Reserve were preparing to reprimand Citi for failing to improve its risk management systems.   Additionally, after the market closed on September 14, 2020, an internal, company-wide memo from CEO Corbat dated August 10, 2020 became public, exposing the Company's ongoing problems with internal controls and regulatory compliance.   On October 7, 2020, the OCC issued a $400 million penalty against Citi for failing, over the course of several years, to improve its risk-management systems. The OCC highlighted Citi's "serious and longstanding deficiencies and unsafe or unsound practices."   Citi also entered into consent orders with both the OCC and the Federal Reserve

---

[6] This factual background is drawn from the complaint on file in the *City of Sunrise* Action.

requiring a systemic overhaul of the Company's internal controls, data governance, compliance risk management, and enterprise-wide management. Finally, on October 13, 2020, Citi reported an increase in the Company's expenses during the third quarter by 5%, to a total of $11 billion, due in part to additional costs related to regulatory fines, investments in infrastructure to come into compliance with its consent orders with the OCC and the Federal Reserve, and other remediation costs related to internal control deficiencies. As a result of these disclosures, the price of Citi common stock declined precipitously.

## III.    ARGUMENT

### A.    The PSLRA's Standard for Appointing a Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the pendency of the action must be publicized "in a widely circulated national business-oriented publication or wire service" not later than 20 days after the filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, a court is to consider any motion made by class members and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, the "most adequate plaintiff" is presumed to be the individual or group that: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) (Nathan, J.). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.**     **KBC and Pembroke Pines Are the "Most Adequate Plaintiff"**

**1.**     **KBC and Pembroke Pines' motion is timely.**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On October 30, 2020, plaintiff City of Sunrise Firefighters' Pension Fund ("City of Sunrise") filed the first of the Related Actions in this District. That same day, counsel for plaintiff City of Sunrise, Bernstein Litowitz, published a notice on *PR Newswire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is December 29, 2020. *See* Ross Decl., Ex. D. On November 13, 2020, plaintiff City of Sterling Heights General Employees' Retirement System ("City of Sterling Heights") filed the second of the Related Actions in this District, which expanded the class period. That same day, counsel for plaintiff City of Sterling Heights published a notice on *Business Wire* alerting investors to the pendency of the action and the expanded class period, and reiterating the December 29, 2020 deadline to seek appointment as Lead Plaintiff. *See* Ross Decl., Ex. E. Accordingly, KBC and Pembroke Pines have timely moved for appointment as Lead Plaintiff through the filing of this motion.

**2.**     **KBC and Pembroke Pines have the largest financial interest in the relief sought by the Class.**

KBC and Pembroke Pines incurred substantial losses of approximately $28.7 million (LIFO) on their purchases of more than 4.1 million shares of Citi common stock during the Class Period. *See* Ross Decl., Exs. A & B. KBC and Pembroke Pines are unaware of any other movant with a larger financial interest in the outcome of the Related Actions. Accordingly, as a qualified movant with the largest financial interest, KBC and Pembroke Pines are the presumptive "most adequate plaintiff."

6

### 3.    KBC and Pembroke Pines are Typical and Adequate.

In addition to possessing a significant financial interest, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (internal citations and quotations omitted); *Omdahl*, 2020 WL 3072291, at *3 (same).

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Sgalambo*, 268 F.R.D. at 173-74 (citation omitted). "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class." *Id.* at 174 (citation omitted).

### a.    Typicality

"The typicality requirement is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Omdahl*, 2020 WL 3072291, at *3 (internal citations and quotations omitted). Like all Class members, KBC's funds and Pembroke Pines purchased Citi common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth leaked into the market.

Accordingly, KBC and Pembroke Pines satisfy the typicality requirement of Rule 23.

7

### b.      Adequacy

Rule 23's "adequacy" requirement is satisfied when the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Representation is adequate when the proposed class representative has demonstrated that "(1) [their choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between [them] and the members of the class; and (3) [they have] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Omdahl*, 2020 WL 3072291, at *3 (internal citations and quotations omitted).  KBC and Pembroke Pines' interests are aligned with those of the other members of the Class and no facts indicate any conflict between KBC and Pembroke Pines and other Class members.[7]  In addition, because of KBC and Pembroke Pines' substantial financial interest in the Related Actions, Class members can be assured that they have the incentive to vigorously represent the Class's interests.  As explained below, KBC and Pembroke Pines have also demonstrated their adequacy through their selection of highly qualified counsel in Motley Rice and Bernstein Litowitz to serve as Lead Counsel for the Class.  *See infra* Argument § III.C; *see also* Ross Decl., Exs. F (Motley Rice Firm Résumé) & G (Bernstein Litowitz Firm Résumé).

As such, KBC and Pembroke Pines satisfy the adequacy requirement of Rule 23.

---

[7] While KBC does not believe that it is required to obtain assignments from its funds to litigate claims for the losses they suffered, out of an abundance of caution it obtained valid assignments of claims from its funds that were executed prior to filing this motion for appointment as lead plaintiff. *See In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (applying *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), and rejecting defendants' summary judgment challenge to the standing of foreign investment vehicles such as KBC to assert claims for violations of federal securities laws).

### 4.    KBC and Pembroke Pines are precisely the type of Lead Plaintiff envisioned by the PSLRA.

In addition to possessing the largest financial interest and satisfying the requirements of Rule 23, KBC and Pembroke Pines are precisely the type of investors Congress anticipated assuming a more prominent role in securities litigation with the enactment of the PSLRA. *See, e.g.*, *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one."); *In re SiRF Tech. Holdings, Inc. Sec. Litig.*, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) ("[B]y enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions."); *Cook v. Allergan PLC*, 2019 WL 1510894, at *1 (S.D.N.Y. Mar. 21, 2019) ("In the legislative debates leading to the passage of the PSLRA, Congress expressed a particular interest in seeing sophisticated institutional investors, rather than individuals, take control of securities fraud class actions."). As explained in further detail in the Joint Declaration, KBC and Pembroke Pines are sophisticated institutional investors with significant experience representing investor classes in shareholder lawsuits and overseeing the work of outside counsel. *See* Ross Decl., Ex. C; *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("Groups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff. . . . Because they have established their ability to act independent of counsel, [the institutional investors] are a proper group and are presumptive lead plaintiffs.").

KBC and Pembroke Pines are sophisticated institutional investors that have combined assets under management of well over $100 billion and experience and success serving as members of lead plaintiff groups under the PSLRA. *See* Ross Decl., Ex. C ¶¶ 2-5.  They have demonstrated their willingness, resources, and ability to fulfill the Lead Plaintiff's obligations under the PSLRA

9

and their commitment to working cohesively together in the prosecution of the Related Actions. *See id.* ¶¶ 1-13. The Joint Declaration also describes the deliberative and independent processes KBC and Pembroke Pines each followed in deciding to jointly seek appointment as Lead Plaintiff, and discusses the motivations driving that decision. *See id.* ¶¶ 6-11. For example, KBC and Pembroke Pines' decision to jointly prosecute the Related Actions was, in part, motivated by their shared view that the securities class action against Citi raises issues of public policy concern to institutional investors worldwide. *See id.* ¶ 9. In determining to jointly seek Lead Plaintiff status, KBC and Pembroke Pines discussed those concerns, and their decision to join together to prosecute this case was, among other things, based on their view that the Class would benefit from leadership that included the perspectives of U.S.- and foreign-based constituencies. *See id.* ¶¶ 9-12.

Moreover, KBC and Pembroke Pines have already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. For example, before seeking appointment as Lead Plaintiff, representatives of KBC and Pembroke Pines held a conference call in which they discussed the strength of the claims against Defendants, their strategy for prosecuting the Related Actions, the benefits that the Class will receive from the leadership of institutional investors with prior experience serving as lead plaintiff under the PSLRA, and the measures the funds have and will take to ensure that the Class's claims will be zealously and efficiently litigated. *See id.* ¶ 11. Among other things, KBC and Pembroke Pines directed their proposed Lead Counsel to enter into a joint prosecution agreement that outlines their proposed Lead Counsel's respective responsibilities and ensures there will be no duplication of effort and that the claims of the Class are prosecuted vigorously yet efficiently and in a cost-effective manner, and which can be provided to the Court *in camera*. *See id.* ¶ 15. Through these measures and others, KBC and Pembroke Pines have sought to ensure the Class will receive the best possible

10

representation.  *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9,

2008) (appointing group of institutional investors that "held joint conference calls to discuss the

litigation and to formulate a strategy" and represented in a joint declaration "that they will pursue

the maximum recovery on behalf of all class members").

KBC and Pembroke Pines also have extensive experience serving as lead plaintiffs under

the PSLRA and achieving successful recoveries for investors, and would bring that experience to

bear on behalf of the Class if appointed here.  For example, KBC served as a co-lead plaintiff in

*City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-

8332-AJS (N.D. Ill.), a case in which Motley Rice served as lead counsel and in which the court

granted final approval on August 5, 2014 to a settlement resolving all claims in exchange for

payment of $60 million for the benefit of the class.  KBC also served as lead plaintiff with another

institutional investor in *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-226-YGR (N.D.

Cal.), in which KBC achieved a recovery of $29.5 million with Motley Rice as lead counsel.  KBC

is also currently serving as lead plaintiff, in partnership with another institutional investor, in both

*In re DXC Technology Company Securities Litigation*, No. 1:18-cv-1599-AJT-MSN (E.D. Va.),

and *In re Intel Corp. Securities Litigation*, No. 3:20-cv-5194-EJD (N.D. Cal.), with Motley Rice

and Bernstein Litowitz as co-lead counsel in both actions.  Similarly, Pembroke Pines served as a

co-lead plaintiff in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-2587-ELR

(N.D. Ga.), and achieved a recovery of $50 million.  Pembroke Pines is also currently serving as

lead plaintiff in a group with three other institutions in *Plymouth County Retirement System v.*

*Patterson Companies, Inc.*, No. 0:18-cv-871-MJD-HB (D. Minn.), and with one other institution

in *City of Hollywood Police Officers' Retirement System v. Henry Schein, Inc.*, No. 2:19-cv-5530-

GRB-RLM (E.D.N.Y.).

11

In sum, KBC and Pembroke Pines have demonstrated their willingness, resources, experience, and commitment to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the Class.  In other words, KBC and Pembroke Pines are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA.  *See, e.g.*, *Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *In re Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"); *Reimer*, 2008 WL 2073931, at *3 (appointing group of institutions that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers").

### C.     The Court Should Approve KBC and Pembroke Pines' Selection Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Springer v. Code Rebel Corp.*, 2017 WL 838197, at *3 (S.D.N.Y. Mar. 2, 2017) (Nathan, J.) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC and Pembroke Pines have selected Motley Rice and Bernstein Litowitz to serve as Lead Counsel for the proposed Class.  Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.  *See* Ross Decl., Ex. F (Motley Rice Firm Résumé).  The firm's experience in the prosecution of securities class actions is derived from, among other things, its

service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-2122-EFM-KMH (D. Kan.).  On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class. Motley Rice also served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-3851-RPP (S.D.N.Y.).  The court in that case approved a settlement of $140 million for the class on December 2, 2016.  Together, Motley Rice and KBC have successfully prosecuted several securities fraud class actions, including *KBC Asset Management NV v. 3D Systems Corp.*, No. 0:15-cv-2393-MGL (D.S.C.) ($50 million recovery), and *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-8332-AJS (N.D. Ill.) ($60 million recovery).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Ross Decl., Ex. G (Bernstein Litowitz Firm Résumé).  Bernstein Litowitz filed the first complaint asserting securities fraud claims against Defendants on behalf of the Class.  *City of Sunrise*, ECF No. 1.  In addition, Bernstein Litowitz has a track record of prosecuting complex securities fraud actions and securing significant recoveries for investors, having served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history and the largest in this District—were obtained for the class.  More recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $1.06 billion recovery in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), on behalf of the respective classes.

Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions

13

include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) (recovering $1.07 billion for investors); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017 (S.D.N.Y) (recovering $516 million for investors); *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (S.D.N.Y.) (recovering $10.9 million for investors) (Nathan, J.); and *In re Farfetch Limited Securities Litigation*, No. 19-cv-8657 (S.D.N.Y.) (currently serving as co-lead counsel) (Nathan, J.).

Further, Motley Rice and Bernstein Litowitz have a history of successfully prosecuting securities class actions together.  For example, the firms served as lead counsel in *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.), leading to a recovery of $85 million for investors.  The firms also served together as lead counsel in *Hill v. State Street Corporation*, No. 09-cv-12146 (D. Mass.), in which they obtained a recovery of $60 million for investors.  And as noted above, Motley Rice and Bernstein Litowitz are currently serving as co-lead counsel, and representing KBC as co-lead plaintiff, in *In re DXC Technology Company Securities Litigation*, No. 1:18-cv-1599-AJT-MSN (E.D. Va.), and *In re Intel Corp. Securities Litigation*, No. 3:20-cv-5194-EJD (N.D. Cal.).  Thus, the Court can be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

Accordingly, the Court should approve KBC and Pembroke Pines' selection of Motley Rice and Bernstein Litowitz as Lead Counsel for the Class.

### D.     The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Act] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15

14

U.S.C. § 78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).

Here, the Related Actions share numerous common questions of law and fact.  Indeed, the three complaints contain very similar factual allegations premised upon fraudulent misstatements concerning Citi's risk management, internal controls, and compliance systems.  The Related Actions all name the same defendants, and all assert violations of the Exchange Act and Rule 10b-5 as a result of Defendants' alleged misconduct.

Given the numerous common questions of law and fact presented by the Related Actions, their consolidation would result in significant efficiencies and improve judicial economy.  As such, KBC and Pembroke Pines' request for consolidation should therefore be granted pursuant to Rule 42(a).[8]  *See, e.g.*, *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 343 (E.D.N.Y. 2018) ("[I]n light of the highly similar allegations and claims in the two putative class actions against defendants, consolidation is appropriate in order to serve the interests of judicial economy."); *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law.").

## IV.    CONCLUSION

For the foregoing reasons, KBC and Pembroke Pines respectfully request that the Court enter an order: (1) appointing KBC and Pembroke Pines as Lead Plaintiff pursuant to the PSLRA;

---

[8] The Related Actions need not be identical to warrant consolidation.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (noting different class periods do not preclude consolidation of multiple actions); *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ("Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated.").

15

(2) approving KBC and Pembroke Pines' selection of Motley Rice and Bernstein Litowitz to serve as Lead Counsel for the proposed Class; (3) consolidating the Related Actions pursuant to Rule 42(a); and (4) granting such other and further relief as the Court may deem just and proper.

Dated: December 29, 2020

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Hannah Ross*
Hannah Ross
hannah@blbglaw.com
Gerald H. Silk
jerry@blbglaw.com
Avi Josefson
avi@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 554-1400
Facsimile:    (212) 554-1444

*Counsel for Pembroke Pines Firefighters & Police Officers Pension Fund and Proposed Lead Counsel for the Class*


**MOTLEY RICE LLC**

William H. Narwold
bnarwold@motleyrice.com
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:    (860) 882-1681
Facsimile:    (860) 882-1682

and

Gregg S. Levin
glevin@motleyrice.com
Christopher F. Moriarty
cmoriarty@motleyrice.com
Mt. Pleasant, SC  29464
Telephone:    (843) 216-9000
Facsimile:    (843) 216-9450

16

*Counsel for KBC Asset Management NV
and Proposed Lead Counsel for the Class*