UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| | x | |
| CITY OF SUNRISE FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-09132-AJN |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH, and MARK A.L. MASON, | : : : : | |
| Defendants. | : : | |
| | x | |
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:20-cv-09573-AJN |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH, and MARK A.L. MASON, | : : : : | |
| Defendants. | : | |
| | x | |

[Caption continued on following page.]

<br>

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4826-7705-2373.v1

|  | x |  |
| --- | --- | --- |
| TIMOTHY LIM, Individually and on Behalf of All Others Similarly Situated, | : | Case No. 1:20-cv-10360-UA |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| CITIGROUP INC., MICHAEL L. CORBAT, JOHN C. GERSPACH, and MARK A.L. MASON, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | x |  |

4826-7705-2373.v1

**CASES**

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................8

*HsingChing Hsu v. Puma Biotechnology, Inc.,*
   No. 8:15-cv-00865- AG (C.D. Cal.) .........................................................................10

*In re Am. Realty Capital Props., Inc. Litig.,*
   No. 1:15-mc-00040-AKH, ECF No. 1316 (S.D.N.Y. Jan. 21, 2020) ................................9, 10

*In re Barrick Gold Corp. Sec. Litig.,*
   2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ...............................................................8

*In re Cardinal Health, Inc. Sec. Litig.,*
   No. 2:04-cv-00575-ALM (S.D. Ohio) ......................................................................10

*In re Cendant Corp. Litig.,*
   264 F.3d 201 (3d Cir. 2001) ...................................................................................8

*In re Enron Corp. Sec. Litig.,*
   No. 4:01-cv-03624 (S.D. Tex.) ...............................................................................10

*In re HealthSouth Corp. Sec. Litig.,*
   No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ..................................................................10

*In re Intercept Pharm., Inc. Sec. Litig.,*
   No. 1:14-cv-01123-NRB, ECF No. 18 (S.D.N.Y. May 16, 2014) ...........................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.,*
   No. 1:01-cv-01451-REB-KLM (D. Colo.) ..................................................................10

*In re UnitedHealth Group Inc. Sec. Litig.,*
   No. 0:06-cv-01691-JMR-FLN (D. Minn.) ...................................................................10

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.,*
   No. 3:15-cv-07658-MAS-LHG (D.N.J.) .....................................................................10

*Jackson Cty. Emps.'Ret. Sys. v. BHP Billiton Ltd.,*
   No. 1:16-cv-01445-NRB, ECF No. 46 (S.D.N.Y. June 14, 2016) ...........................................9

*Johnson v. Celotex Corp.,*
   899 F.2d 1281 (2d Cir. 1990) ..................................................................................5

*Kaplan v. Gelfond,*
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................1, 5

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.,*
   No. 1:02-cv-05893 (N.D. Ill.) ................................................................................10

*Nakamura v. BRF S.A.*,
  2018 WL 3217412 (S.D.N.Y. July 2, 2018) ........................................................................7, 8

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  No. 1:08-cv-10783, ECF No. 243 (S.D.N.Y. May 2, 2016) .....................................................9

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................................7

*Smilovits v. First Solar, Inc.*,
  No. 2:12-cv-00555-DGC (D. Ariz.)........................................................................................10

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  §78u-4(a)(1) ...........................................................................................................................6
  §78u-4(a)(3)(A)(i)...................................................................................................................6
  §78u-4(a)(3)(B)(i) ...............................................................................................................1, 6
  §78u-4(a)(3)(B)(ii) ..............................................................................................................1, 5
  §78u-4(a)(3)(B)(iii)..............................................................................................................1, 6
  §78u-4(a)(3)(B)(iii)(I)(cc)......................................................................................................7
  §78u-4(a)(3)(B)(v) ..............................................................................................................2, 8

Federal Rules of Civil Procedure
  Rule 23 ................................................................................................................................6, 7
  Rule 42(a)............................................................................................................................1, 5

4826-7705-2373.v1

## I.    INTRODUCTION

Presently pending before this Court are three related securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased or otherwise acquired Citigroup, Inc. ("Citigroup" or the "Company") securities seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and three of its current and former officers.[1]

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate because the Related Actions involve common legal and factual questions.  *See* Fed. R. Civ. P. 42(a).  Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Construction Laborers Pension Trust for Southern California (the "Pension Trust") should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Trust's selection of

---

[1]    The Related Actions are: (1) *City of Sunrise Firefighters' Pension Fund v. Citigroup Inc.*, No. 1:20-cv-09132-AJN, filed on behalf of investors who purchased or otherwise acquired Citigroup's common stock between February 25, 2017 and October 12, 2020, inclusive; (2) *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Citigroup Inc.*, No. 1:20-cv-09573-AJN, filed on behalf of investors who purchased Citigroup common stock between January 15, 2016 and October 12, 2020, inclusive; and (3) *Lim v. Citigroup Inc.*, No. 1:20-cv-10360-UA, filed on behalf of investors who purchased or otherwise acquired Citigroup securities between January 15, 2016 and October 12, 2020, inclusive.  For purposes of this motion, the longest and most inclusive alleged class period is used – January 15, 2016 through October 12, 2020 (the "Class Period").  *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of [the lead plaintiff] analysis, we use the longer class period with the earlier start date.").

4826-7705-2373.v1

Robbins Geller Rudman & Dowd LLP, counsel with extensive experience prosecuting complex securities class actions, as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND[2]

Headquartered in New York, New York, Citigroup is a global diversified financial services holding company that provides a broad range of financial products and services, including consumer banking and credit, corporate and investment banking, securities brokerage, trader and securities services, and wealth management.  Citibank N.A. is the bank subsidiary of Citigroup.

Before the Class Period, Citigroup entered into a variety of settlements with regulatory authorities that required Citigroup and Citibank to improve their compliance, risk management, internal controls, and due diligence systems, policies, and practices.  The complaints allege that during the Class Period, contrary to defendants' repeated reassurances that Citigroup was fulfilling its obligations under the consent orders and had revamped its risk management and internal control systems sufficiently to comply with these obligations, defendants had failed to: (i) implement and maintain an enterprise-wide risk management and compliance risk management program, internal controls, or a data governance program commensurate with Citigroup's size, complexity, and risk profile; (ii) establish an effective risk governance framework; (iii) establish enterprise-wide risk management policies, standards, and frameworks necessary to adequately identify, measure, monitor, and control risks; (iv) establish effective front-line units, independent risk management, internal audit, and control functions; (v) develop and execute on a comprehensive plan to address

---

2      These allegations are based on the *City of Sterling Heights General Employees' Retirement System* complaint (the "Complaint").

4826-7705-2373.v1

data governance deficiencies, including data quality errors; and (vi) produce timely and accurate management and regulatory reporting.

Through a series of disclosures, Citigroup's failure to comply with the consent orders was revealed. First, on August 13, 2020, *The Wall Street Journal* reported that Citigroup had erroneously sent $900 million to a group of lenders that refused to return the money. Citigroup blamed the unprecedented mistake on human error and a breakdown in the Citigroup's manual processes – processes that Citigroup claimed to have fixed several years before. On this news, Citigroup stock declined from $53.35 per share on August 12, 2020 to $52.89 per share on August 13, 2020. A few days later, on August 17, 2020, *The Wall Street Journal* reported that the $900 million payment had come from Citigroup's own funds and had been characterized by the Company as an "operational mistake[]." *City of Sterling Heights*, ECF No. 1 at ¶45. In response, Citigroup stock declined from $52.93 per share on August 14, 2020 to $51.42 per share on August 17, 2020. Two days later, on August 19, 2020, *The Wall Street Journal* reported that Citigroup blamed the "unthinkable" $900 million payment on "human error." *Id.* at ¶47. On this news, the price of Citigroup stock declined from $50.29 per share on August 19, 2020 to $49.58 per share on August 20, 2020.

On September 7, 2020, *The Wall Street Journal* reported that Citigroup's manual checks had failed to detect the mistaken $900 million payment and the fiasco had laid bare Citigroup's failure to implement effective internal controls and compliance systems. On this news, the price of Citigroup stock declined from $52.52 per share on September 4, 2020 to $51.04 per share on September 8, 2020. Then, on September 10, 2020, Citigroup issued a press release, abruptly disclosing that defendant Michael L. Corbat would be replaced as CEO in February 2021, but did not give any reason for his departure. On September 14, 2020, *The Wall Street Journal* reported that authorities were preparing to reprimand Citigroup for failing to meaningfully improve its risk management

- 3 -

4826-7705-2373.v1

systems.  That same day, *Business Insider* also reported the full text of an internal memo defendant Corbat had sent to all Citigroup employees, in which defendant Corbat acknowledged that Citigroup had not achieved the necessary level of internal controls and infrastructure.  In response, Citigroup stock declined from a close of $51.00 per share on September 11, 2020, to a close of $48.15 per share on September 14, 2020.  On September 15, 2020, *Business Insider* reported that regulators had been pressuring Citigroup to take more aggressive action to remedy its internal control and risk management failings.  On this news, the price of Citigroup stock declined from a close of $48.15 per share on September 14, 2020 to a close of $44.81 per share on September 15, 2020.

On October 7, 2020, the Office of the Comptroller of the Currency ("OCC") and the Federal Reserve announced the entry of yet another consent order and the imposition of a $400 million penalty on Citigroup and Citibank for, *inter alia*, violating numerous banking laws and regulations, breaching prior consent orders, failing to implement effective internal controls and compliance systems, and engaging in systematically "unsafe and unsound" business practices.

Finally, on October 13, 2020, Citigroup announced its financial results for the third quarter of 2020, including a 34% decline in net income from the prior-year period, driven in large part by the $400 million penalty levied by the OCC.  During the earnings call to discuss the results, defendants belatedly admitted that Citigroup had not moved quickly enough to address risk management and internal control deficiencies and revealed that the required fixes would not be "quick" or "easy" and the ultimate costs to implement the required remedies could cost significantly more than $1 billion.  On this news, the price of Citigroup stock declined from a close of $45.88 per share on October 12, 2020 to a close of $43.68 per share on October 13, 2020 – nearly 50% below the stock's Class Period high price.

4826-7705-2373.v1

As a result of defendants' wrongful acts and omissions, and the declines in the price of Citigroup common stock as detailed herein, the Pension Trust and other class members have suffered significant losses and damages.

## III.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).   Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).   "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Kaplan*, 240 F.R.D. at 91.

The Related Actions share sufficiently common legal and factual questions to warrant consolidation, including alleging identical 1934 Act claims against identical defendants.  Because the Related Actions are based on common facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.[3]  Thus, consolidation is appropriate here. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.     The Pension Trust Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

---

[3]     The *City of Sunrise Firefighters'* and the *City of Sterling Heights* actions seek to represent investors who purchased Citigroup common stock while the *Lim* action seeks to represent investors who purchased Citigroup securities.   This difference will be resolved upon the filing of a consolidated complaint.

4826-7705-2373.v1

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Pension Trust's Motion Is Timely

On October 30, 2020, a notice for the first-filed *City of Sunrise Firefighters'* action was published on *PR Newswire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by December 29, 2020. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because the Pension Trust's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2.    The Pension Trust Possesses the Largest Financial Interest

As indicated in its Certification and loss chart, the Pension Trust purchased 197,421 shares of Citigroup common stock during the Class Period and suffered approximately $2.8 million in losses pursuant to the last-in, first-out accounting method. *See* Rosenfeld Decl., Exs. B, C. To the best of

- 6 -

4826-7705-2373.v1

its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Pension Trust satisfies the PSLRA's "largest financial interest" requirement.

### 3.    The Pension Trust Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage, only a preliminary showing of typicality and adequacy is required."  *Nakamura v. BRF S.A.*, 2018 WL 3217412, at *4 (S.D.N.Y. July 2, 2018).

"'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010) (citation omitted).  The Pension Trust satisfies the typicality threshold because its claims arise from the same conduct from which the other class members' claims and injuries arise.  Just like all other class members, the Pension Trust purchased Citigroup common stock during the relevant time period, was adversely affected by defendants' allegedly false and misleading statements, and suffered damages thereby.

The Rule 23 adequacy requirement is satisfied where the movant "has no known conflict with the class members, has a sufficient interest in the outcome to insure vigorous advocacy and has selected qualified and experienced counsel."  *Nakamura*, 2018 WL 3217412, at *4.  Here, the Pension Trust is an adequate representative of the class because its interests are aligned with those of the putative class and there is no evidence of any antagonism between the Pension Trust's interests and the class's interests.

The Pension Trust is a multi-employer pension plan with approximately 36,000 participants and beneficiaries.  Based in El Monte, California, the Pension Trust holds approximately $2.3 billion

in assets.  As an institutional investor with ongoing lead plaintiff experience, the Pension Trust is familiar with the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake those responsibilities on behalf of the putative class in this case.  *See* Rosenfeld Decl., Ex. B.  Accordingly, the Pension Trust is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

Because the Pension Trust filed a timely motion, has a large financial interest in the relief sought by the class, is typical and adequate of the putative class, and selected qualified counsel (as set forth below) the Court should adopt the presumption that it is the presumptive lead plaintiff.

### C.  The Pension Trust's Selection of Counsel Should Be Approved

"Under the PSLRA, the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'"  *Nakamura*, 2018 WL 3217412, at \*5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"  *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at \*3 (S.D.N.Y. Oct. 4, 2017) (citation omitted).  Here, the Pension Trust has selected Robbins Geller to serve as Lead Counsel for the proposed class.

- 8 -

4826-7705-2373.v1

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues.[4]  Courts throughout the nation, including in this District, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016)(Buchwald, J.) (approving institution's selection of Robbins Geller as lead counsel in case in which $50 million recovery was obtained and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case");  *In re Intercept Pharm., Inc. Sec. Litig.*, No. 1:14-cv-01123-NRB, ECF No. 18 (S.D.N.Y. May 16, 2014) (Buchwald, J.) (Robbins Geller appointed as lead counsel in case in which investors recovered what is believed to be the largest per-class-period-day settlement in the history of securities litigation); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning

---

[4]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 9 -

4826-7705-2373.v1

Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

---

[5]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4826-7705-2373.v1

Thus, the Court can be assured that by approving the Pension Trust's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve common legal and factual questions.  Additionally, the Pension Trust has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Trust respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  December 29, 2020                    Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                                    s/ David A. Rosenfeld
                                             DAVID A. ROSENFELD

                                             58 South Service Road, Suite 200
                                             Melville, NY  11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             drosenfeld@rgrdlaw.com

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             DANIELLE S. MYERS
                                             JENNIFER N. CARINGAL
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)
                                             dmyers@rgrdlaw.com
                                             jcaringal@rgrdlaw.com

                                             [Proposed] Lead Counsel for [Proposed] Lead
                                             Plaintiff

- 11 -

- 12 -

4826-7705-2373.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 29, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

4826-7705-2373.v1

# Mailing Information for a Case 1:20-cv-09132-AJN City of Sunrise Firefighters Pension Fund v. Citigroup Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Constantine Philip Economides**
  ceconomides@rcfllp.com,ECF_Notifications@rcfllp.com,akaradjas@rcfllp.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Sharon L. Nelles**
  NELLESS@SULLCROM.COM,s&cmanagingclerk@sullcrom.com,sharon-nelles-8045@ecf.pacerpro.com

- **David Maxwell Rein**
  reind@sullcrom.com,druckj@sullcrom.com,s&cmanagingclerk@sullcrom.com,david-mj-rein-2809@ecf.pacerpro.com,pierrej@sullcrom.com

- **Hannah Elizabeth Ross**
  hannah@blbglaw.com,catherine@blbglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)