# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Securities Actions<br>(*DeAngelis v. Corzine*) |

Civil Action No. 1:11-CV-07866-VM

ECF CASE

## PLAN OF ALLOCATION

If approved by the Court, the plan of allocation set forth below (the "Plan of Allocation") will determine how the net proceeds of the Settlements achieved to date (the "Current Settlements") and any subsequent recoveries in this Action will be distributed to Settlement Class Members who submit timely and valid Claim Forms.

As used herein, the "Current Settlements" are (i) the Underwriter Settlement; (ii) the Commerz Settlement; (iii) the PwC Settlement (if approved by the Court); and (iv) the Individual Defendant Settlement (if approved by the Court). "Settlement Class Member" refers to any member of one or more of the settlement classes as defined in the respective stipulations of settlement ("Stipulations") for the Current Settlements; and the "Settling Defendants" mean each defendant or group of defendants that is settling pursuant to the respective Current Settlements.

**PLEASE READ THE PREVIOUSLY DISSEMINATED NOTICES CONCERNING THE UNDERWRITER AND THE COMMERZ SETTLEMENTS AS WELL AS THE ACCOMPANYING NOTICE CONCERNING THE PWC AND THE INDIVIDUAL DEFENDANT SETTLEMENTS AS THEY DESCRIBE HOW YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENTS AND PROVIDE DEFINITIONS OF TERMS USED HEREIN.**

## GENERAL PROVISIONS

1. At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Current Settlements.

2. To the extent the Current Settlements are approved by the Court, and upon satisfaction of the other conditions to the Current Settlements, the Net Settlement Funds created by the approved settlements (*i.e.,* the respective Settlement Funds less (i) all federal, state, and local taxes on any income earned by the Settlement Funds and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Funds (including reasonable expenses of tax attorneys and accountants); (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Current Settlements and the Settlement Funds on behalf of Settlement Class Members; (iii) Litigation Expenses awarded by the Court; and (iv) attorneys' fees awarded by the Court to Co-Lead Counsel on behalf of all Plaintiffs' Counsel) will be distributed to Settlement Class Members who submit valid claims that are accepted by the Court ("Authorized Claimants") in accordance with the provisions of this proposed Plan of Allocation, or such other plan of allocation as the Court may approve.[1]

3. Settling Defendants are not entitled to get back any portion of their respective Settlement Funds once the Court's Order approving their respective settlements becomes Final. Settling Defendants shall not have any liability, obligation, or responsibility for the administration of their respective settlements or disbursement of the respective Net Settlement Funds or the Plan of Allocation or such other plan of allocation as may be approved by the Court.

4. Approval of the Current Settlements is independent from approval of a plan of allocation. Any determination as to a plan of allocation will not affect the Current Settlements, if approved.

5. Only Settlement Class Members. *i.e.*, persons and entities who or which purchased or acquired (i) common stock of MF Global Holdings Limited (including shares acquired through the MF Global Ltd. Amended and Restated 2007 Long Term Incentive Plan ("LTIP") or the MF Global Ltd. Employee Stock Purchase Plan) ("MF Global common stock") (CUSIP 55277J108); (ii) MF Global 9% Convertible Senior Notes due June 20, 2038 issued on or about June 25, 2008 (CUSIP 55276YAB2); (iii) MF Global 1.875% Convertible Senior Notes due February 1, 2016 issued on or about February 7, 2011 (CUSIP 55277JAA6); (iv) MF Global 3.375% Convertible Senior Notes due August 1, 2018 issued on or about July 28, 2011 (CUSIP 55277JAB4); and/or (v) MF Global 6.25% Senior Notes due August 8, 2016 issued on or about August 1, 2011 (CUSIP 55277JAC2) during the period beginning on May 20, 2010 through and including November 21, 2011 (the "Settlement Class Period") **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS**, will be eligible to share in the distribution of the Net Settlement Funds as further described in paragraphs 19-27 below.

---

[1] As set forth in the accompanying Settlement Notice, Co-Lead Counsel will apply for a percentage of each of the Court-approved settlements plus interest thereon at the same rate as earned by the settlement funds as an award of attorneys' fees and for reimbursement of expenses incurred (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the settlement classes). *See* accompanying PwC/Individual Defendant Notice at paragraph 5.

6.    Each person and entity wishing to participate in the distribution must timely submit a valid Proof of Claim and Release form ("Claim Form") establishing membership in one or more of the Settlement Classes, and including all required documentation, postmarked no later than December 3, 2015, to the address set forth in the Claim Form.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked no later than December 3, 2015 shall be forever barred from receiving payments pursuant to the Current Settlements but will in all other respects remain a member of the Settlement Class(es) in which he, she or it is a member and be subject to the provisions of the applicable Stipulations, including the terms of any Judgments entered and releases given.

7.    The Court has reserved continuing jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

8.    The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the plan or approve a different plan of allocation without further notice to the Settlement Classes.  Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.MFGlobalSecuritiesClassAction.com.

9.    Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulations, the plan of allocation that is approved by the Court, or further orders of the Court.  Lead Plaintiffs, the Settling Defendants, their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of their respective Settlement Funds or Net Settlement Funds, the Plan of Allocation or such other plan of allocation as may be approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the respective Settlement Funds, or any losses incurred in connection therewith.

10.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

11.    The Underwriter and Commerz Settlements have received final Court approval.  There were no requests for exclusion from the Settlement Classes certified with respect to those settlements.  Thus, all persons and entities who or which are members of the Underwriter and/or the Commerz Settlement Classes are eligible to participate in the distribution of the proceeds of those settlements, if they submit valid Claim Forms.[2]  Any persons or entities that exclude themselves from the PwC Settlement Class or Individual Defendant Settlement Class are not eligible to participate in those recoveries or in any subsequent recoveries that may be achieved in the Action, however, if they are members of the Underwriter and/or Commerz Settlement Classes they are still eligible to participate in the distribution of the proceeds of those settlements.[3]

12.    Each Claim Form **must** provide all of the information requested therein and provide sufficient supporting documentation as set forth therein.

13.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in MF Global Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those securities that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of MF Global Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from one or more of the Settlement Classes are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlements by the ERISA Plan.

14.    The objective of the Plan of Allocation is to equitably distribute the proceeds of the recoveries achieved in this Action to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The Plan of Allocation reflects Lead Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding MF Global and statistical analyses of the price movements of MF Global Securities and the price performance of relevant market and industry indices during the Settlement Class Period as well as the statutory provisions for recovery under a claim for violation of Section 11 of the Securities Act.

15.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the respective Net Settlement Funds to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.

16.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Current Settlements.  The

---

[2]  Copies of the Settlement Notices for those settlements, which contain the complete definitions of the relevant settlement classes, can be viewed and downloaded from the settlement website, www.MFGlobalSecuritiesClassAction.com.

[3]   As set forth in the accompanying Notice (*see* ¶¶ 46-47), any person or entity who or which excludes themselves from a settlement will not be able to participate in any other settlement contemporaneously presented to the Court for final approval or in any subsequent settlements.  However, exclusion from a later settlement does not preclude a person or entity from participating in earlier achieved settlements.

computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making allocations of the Net Settlement Funds.

17. A "Recognized Loss Amount" will be calculated for each purchase or acquisition of an MF Global Security that is listed in the Claim Form and for which adequate documentation is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including (i) when the MF Global Security was purchased or acquired, (ii) whether it was held until the conclusion of the Settlement Class Period, or (iii) whether it was sold, and if so, when it was sold.

18. As discussed in the Settlement Notices, claims were asserted in the Action under both the Securities Act and the Exchange Act. However, not all Defendants were alleged to have violated both acts, *e.g.*, there are no allegations that any of the Underwriter Defendants violated the Exchange Act, and not all Defendants are alleged to have committed violations of law with respect to all of the MF Global Securities, *e.g.*, claims with respect to the 9% Convertible Senior Notes were stated only against the Officer Defendants and PwC and only for violation of the Exchange Act. The Plan of Allocation properly recognizes these facts and the requirements imposed by law as to who is eligible to recover from each Defendant as well as the securities for which that person can state a claim. Accordingly, the proceeds of the respective settlements will be distributed to Settlement Class Members based on the claims they have and, to that end, the proceeds will be divided into three separate funds as follows:

   a. **"Fund #1: The PWC/Individual Defendant Fund"** – Fund #1, which totals $129.5 million (the $65 million PwC Settlement Amount and the $64.5 million Individual Defendant Settlement Amount) applies to claims asserted under both the Securities Act and the Exchange Act with respect to all the MF Global Securities.[4] As a result, all Settlement Class Members, to the extent they have Recognized Loss Amounts under the formulas set forth below in ¶ 23 with respect to the Securities Act Claims and in ¶ 27 with respect to the Exchange Act claims, will be eligible to receive a *pro rata* distribution from Settlement Fund #1 subject to their satisfying the other conditions for receiving a distribution.

   b. **"Fund #2: The 1.875% and 3.375% Notes and Secondary Stock Offering Fund"** – Under the terms of the Underwriter Settlement (which applies to claims asserted under the Securities Act with respect to certain of the MF Global Securities), $72.27 million of the $74 million Underwriter Settlement Amount applies to purchases during the Settlement Class Period of two MF Global Bond offerings (the 1.875% Convertible Senior Notes and the 3.375% Convertible Senior Notes) and to those shares of common stock purchased in or traceable to the secondary offering of common stock that occurred on or about June 1, 2010 ("Secondary Offering Stock"). Settlement Class Members who purchased these securities during the Settlement Class Period, to the extent they have a Securities Act Recognized Loss Amount under the formula set forth in ¶ 23 below, will be eligible to receive a *pro rata* distribution from Settlement Fund #2 subject to their satisfying the other conditions for receiving a distribution.

   c. **"Fund #3: The 6.25% Note Fund"** – $1.73 million of the Underwriter Settlement applies to purchases during the Settlement Class Period of the 6.25% Senior Notes as does the $932,828 Commerz Settlement Amount. Settlement Class Members who purchased 6.25% Senior Notes during the Settlement Class Period, to the extent they have a Securities Act Recognized Loss Amount under the formula set forth in ¶ 23 below, will be eligible to receive a *pro rata* distribution from Settlement Fund #3 subject to their satisfying the other conditions for receiving a distribution.

The following chart summarizes which MF Global Securities are covered by each of the Funds:

| | FUND 1 Securities and Exchange Act Claims | FUND 2 Securities Act Claims Only | FUND 3 Securities Act Claims Only |
|---|---|---|---|
| Common Stock (all shares purchased during the Settlement Class Period) | Yes | No | No |
| Secondary Offering Stock (shares purchased in or traceable to the Secondary Stock Offering) | Yes | Yes | No |
| 1.875% Convertible Senior Notes | Yes | Yes | No |
| 3.375% Convertible Senior Notes | Yes | Yes | No |
| 6.25% Senior Notes | Yes | No | Yes |
| 9.00% Convertible Senior Notes | Yes | No | No |

As indicated, an MF Global Security purchase may result in Recognized Loss Amounts under multiple Funds. Eligibility for and participation in one Fund does not preclude in any way participation in another Fund for which a purchase is eligible. However, because different claims may apply to any given purchase, the amount of the Recognized Loss Amount with respect to any given purchase attributable to the various Funds may differ.

---

[4] Please note, all "Fund" amounts are the gross Settlement Amounts obtained before the deduction of any costs and expenses (*see* ¶ 2 for a description of amounts that will be deducted from the Settlement Amounts).

**CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED CLAIMS**

19.  For each Settlement Class Period purchase of an MF Global Security that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases relevant for each Fund to determine the "Fund Recognized Claim" that each Settlement Class Member has against each Fund.

20.  As set forth above, Funds #2 and #3 are only available for Securities Act Claims.  Fund #1, however, is available for both Securities Act and Exchange Act Claims.  To the extent a Claimant has a Recognized Loss Amount under both the Securities Act Claims Calculations and the Exchange Act Claims Calculations set forth below with respect to a given purchase, the larger Recognized Loss Amount will be used for purposes of determining that Claimants' Fund Recognized Claim for Fund #1.

**SECURITIES ACT CLAIMS CALCULATIONS**

21.  The Section 11 Securities Act claims asserted in the Action serve as the basis for the calculation of Securities Act Recognized Loss Amounts.  Section 11 provides a statutory formula for the calculation of damages under that provision.  The formula set forth below, developed by Lead Plaintiffs' damages expert generally tracks the statutory formula.  For purposes of the calculations, November 18, 2011 is the date of suit, and June 30, 2015 is the proxy for the date of judgment.

22.  As noted above, Securities Act claims were asserted with respect to Secondary Offering Stock (*i.e.*, MF Global common stock purchased in or traceable to the Secondary Offering) as well as 1.875% Convertible Senior Notes, 3.375% Convertible Senior Notes and 6.25% Senior Notes purchased during the Settlement Class Period (collectively the "Securities Act Securities").  Recognized Loss Amounts will be calculated pursuant to the following formula for each such share or note that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

23.  For each share of Secondary Offering Stock purchased in or traceable to that offering, or other Securities Act Securities purchased or otherwise acquired from their respective issue dates through November 21, 2011 and:

A.  **Sold before the close of trading on November 17, 2011, the Recognized Loss Amount shall be with respect to each:**

    i.  **Secondary Offering Stock Share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) *minus* the sale price;

    ii.  **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price;

    iii.  **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price;

    iv.  **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price.

B.  **Sold after the opening of trading on November 18, 2011 through June 30, 2015, the Recognized Loss Amount shall be with respect to each:**

    i.  **Secondary Offering Stock share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) *minus* the sale price (not to be less than $0.13, the closing share price on November 18, 2011);

    ii.  **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price (not to be less than $366.55, the closing note price on November 18, 2011);

    iii.  **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price (not to be less than $364.43, the closing note price on November 18, 2011);

    iv.  **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* the sale price (not to be less than $372.55, the closing note price on November 18, 2011).

C.  **Retained through June 30, 2015, the Recognized Loss Amount shall be with respect to each:**

    i.  **Secondary Offering Stock share**, the purchase/acquisition price (not to exceed the issue price at the offering of $7.10) *minus* $0.13, the closing share price on November 18, 2011;

    ii.  **1.875% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $366.55, the closing note price on November 18, 2011;

    iii.  **3.375% Convertible Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $364.43, the closing note price on November 18, 2011;

    iv.  **6.25% Senior Note**, the purchase/acquisition price (not to exceed the issue price of $1000) *minus* $372.55, the closing note price on November 18, 2011.

**EXCHANGE ACT CLAIMS CALCULATIONS**

24.  Exchange Act claims were asserted under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  The calculations for Exchange Act Recognized Loss Amounts reflect Lead Plaintiffs' allegations that the prices of MF Global Securities were artificially inflated during the Settlement Class Period due to Defendants' alleged misrepresentations and/or omissions.  Lead Plaintiffs' damages expert has estimated the artificial inflation in the MF Global Securities during the Settlement Class Period as reflected in Table 1.

25.  In order to have recoverable Rule 10b-5 damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the MF Global Security.  In this case, Lead Plaintiffs alleged that Defendants made false statements and omitted material facts from May 20, 2010 through and including November 18, 2011.  Alleged corrective disclosures that removed artificial inflation from the prices of the MF Global Securities occurred on October 24, 2011, October 25, 2011, October 26, 2011, October 27, 2011, October 28, 2011, October 31, 2011, November 1, 2011, November 2, 2011, November 4, 2011, and November 21, 2011.  In order to have an Exchange Act Recognized Loss Amount with respect to any given purchase, the MF Global Security must have been purchased/acquired during the Settlement Class Period and held through at least one of the alleged corrective disclosures.

26.  As noted above, Exchange Act claims were asserted with respect to each of the MF Global Securities, *i.e.*, all common stock, 1.875% Convertible Senior Notes, 3.375% Convertible Senior Notes, 6.25% Senior Notes and 9.00% Convertible Senior Notes purchased during the Settlement Class Period (collectively the "Exchange Act Securities").  Recognized Loss Amounts will be calculated pursuant to the following formula for each such share or note, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

27.  For each MF Global Security purchased or otherwise acquired from May 20, 2010 through and including November 21, 2011, and

A.  **Sold before the opening of trading on October 24, 2011, the Recognized Loss Amount with respect to each such security shall be zero.**

B.  **Sold after the opening of trading on October 24, 2011 and before the close of trading on November 18, 2011, the Recognized Loss Amount with respect to each:**

  i.  **share of Common Stock**, shall be *the lesser of:*

   (a)  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in Column 2 of Table 1 below; or

   (b)  the actual purchase/acquisition price *minus* the actual sale price.

  ii.  **1.875% Convertible Senior Note**, shall be *the lesser of:*

   (a)  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 3 of Table 1 below; or

   (b)  the actual purchase/acquisition price *minus* the actual sale price.

  iii.  **3.375% Convertible Senior Note**, shall be *the lesser of:*

   (a)  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 4 of Table 1 below; or

   (b)  the actual purchase/acquisition price *minus* the actual sale price.

  iv.  **6.25% Senior Note**, shall be *the lesser of:*

   (a)  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 5 of Table 1 below; or

   (b)  the actual purchase/acquisition price *minus* the actual sale price.

  v.  **9.00% Convertible Senior Note**, shall be *the lesser of:*

   (a)  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in Column 6 of Table 1 below; or

   (b)  the actual purchase/acquisition price *minus* the actual sale price.

**C. Sold after the close of trading on November 18, 2011 and before the close of trading on February 17, 2012, the Recognized Loss Amount with respect to each:**

i.    **share of Common Stock**, shall be *the least of:*

    (a)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below;

    (b)    the actual purchase/acquisition price of each such share *minus* the average closing price of the Common Stock from November 21, 2011, up to the date of sale as set forth in Column 2 of Table 2 below; [5] or

    (c)    the actual purchase/acquisition price *minus* the actual sale price.

ii.    **1.875% Convertible Senior Note**, shall be *the least of:*

    (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below;

    (b)    the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 3 of Table 2 below; or

    (c)    the actual purchase/acquisition price *minus* the actual sale price.

iii.    **3.375% Convertible Senior Note**, shall be *the least of:*

    (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below;

    (b)    the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 4 of Table 2 below; or

    (c)    the actual purchase/acquisition price *minus* the actual sale price.

iv.    **6.25% Senior Note**, shall be *the least of:*

    (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below;

    (b)    the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 5 of Table 2 below; or

    (c)    the actual purchase/acquisition price *minus* the actual sale price.

v.    **9.00% Convertible Senior Note**, shall be *the least of:*

    (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below;

    (b)    the actual purchase/acquisition price of each such Note *minus* the average closing price of the Note from November 21, 2011, up to the date of sale as set forth in Column 6 of Table 2 below; or

    (c)    the actual purchase/acquisition price *minus* the actual sale price.

---

[5] Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of MF Global Securities during the 90-day look-back period, November 21, 2011 through February 17, 2012. The mean (average) closing price for each MF Global Security for the 90-day look-back period is set forth in the last line of Table 2.

D. **Held as of the close of trading on February 17, 2012, the Recognized Loss Amount for each:**

    i.    <u>**share of Common Stock**</u> shall be ***the lesser of:***

        (a)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column 2 of Table 1 below; or

        (b)    the actual purchase/acquisition price of each such share ***minus*** $0.09, the price set forth in the last line of Column 2 on Table 2 below.

    ii.    <u>**1.875% Convertible Senior Note**</u>, shall be ***the lesser of:***

        (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 3 of Table 1 below; or

        (b)    the actual purchase/acquisition price of each such Note ***minus*** $319.97, the price set forth in the last line of Column 3 on Table 2 below.

    iii.    <u>**3.375% Convertible Senior Note**</u>, shall be ***the lesser of:***

        (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 4 of Table 1 below; or

        (b)    the actual purchase/acquisition price of each such Note ***minus*** $324.42, the price set forth in the last line of Column 4 on Table 2 below.

    iv.    <u>**6.25% Senior Note**</u>, shall be ***the lesser of:***

        (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 5 of Table 1 below; or

        (b)    the actual purchase/acquisition price of each such Note ***minus*** $342.78, the price set forth in the last line of Column 5 on Table 2 below.

    v.    <u>**9.00% Convertible Senior Note**</u>, shall be ***the lesser of:***

        (a)    the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in Column 6 of Table 1 below; or

        (b)    the actual purchase/acquisition price of each such Note ***minus*** $330.93, the price set forth in the last line of Column 6 on Table 2 below.

### ADDITIONAL PROVISIONS

28.  The Net Settlement Funds will be allocated among all eligible Settlement Class Members who are Authorized Claimants.

29.  If the net amount in a given Fund is less than the sum of the Fund Recognized Claims of all Authorized Claimants who are entitled to receive payment out of such Fund, then the Fund Recognized Claims shall be prorated.  Specifically, with respect to each Fund for which an Authorized Claimant has a Fund Recognized Claim, each Authorized Claimant shall receive a distribution equal to a *pro rata* share of the Fund based on the amount of the Authorized Claimant's Fund Recognized Claim in comparison to the total Fund Recognized Claims of all Authorized Claimants with respect to such Fund.

30.  If the net amount in a given Fund exceeds the sum total of the Fund Recognized Claims of all Authorized Claimants entitled to receive payment out of that Fund, the excess amount in that Fund shall be allocated on a *pro rata* basis to all Authorized Claimants with respect to their Fund Recognized Claims in Funds in which the net amount in the Fund was less than the total Fund Recognized Claims.

31. An Authorized Claimant's "Distribution Amount" shall be the sum of his, her or its *pro rata* share of each Fund.  If the Authorized Claimant's Distribution Amount calculates to less than $20.00, it will not be included in the calculation and it will not be distributed.

32.  If a Settlement Class Member has more than one purchase/acquisition or sale of an MF Global Security during the Settlement Class Period, all purchases/acquisitions and sales of like securities shall be matched on a First-In-First-Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings of the like security at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

33.  Purchases or acquisitions and sales of MF Global Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of MF Global

Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these securities for the calculation of a Claimant's Recognized Loss Amounts, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such MF Global Securities unless (i) the donor or decedent purchased or otherwise acquired such MF Global Securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor or decedent, or by anyone else with respect to such MF Global Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

34.  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the MF Global Security.  The date of a "short sale" is deemed to be the date of sale of the MF Global Security. However, the Recognized Loss Amount on "short sales" shall be zero.  In the event that a Claimant has an opening short position in an MF Global Security, the earliest Settlement Class Period purchases or acquisitions of the like security shall be matched against such an opening short position and not be entitled to a recovery until that short position is fully covered.

35.  The MF Global Securities listed in this Plan of Allocation are the only securities eligible for recovery in this Action.  Option contracts are not securities eligible to participate in the Settlements.  With respect to MF Global Securities purchased or sold through the exercise of an option, the purchase/sale date of the MF Global Security is the exercise date of the option and the purchase/sale price of the MF Global Security is the exercise price of the option.

36.  If any funds remain in any of the Funds after the initial distribution because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Funds one (1) year after the initial distribution shall be redistributed to Settlement Class Members who have cashed their initial distributions and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Settlements.  If any funds remain in any of the Funds after such re-distribution, additional re-distributions shall occur thereafter in six-month intervals until Co-Lead Counsel, in consultation with the Claims Administrator, determine that a re-distribution is not cost effective, at which time the balance in the Funds will be donated to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Co-Lead Counsel subject to approval by the Court.

<u>TABLE 1</u>

**Estimated Artificial Inflation for Each MF Global Security**
**For Purposes of Calculating Purchase and Sale Inflation**

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25% Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| May 20, 2010 to October 23, 2011 | $3.57 | $383.22 | $254.42 | $458.75 | $556.41 |
| October 24, 2011 | $3.37 | $329.44 | $269.06 | $466.99 | $556.41 |
| October 25, 2011 | $1.83 | $155.19 | $85.06 | $336.06 | $384.59 |
| October 26, 2011 | $1.64 | $97.07 | $59.52 | $123.14 | $139.94 |
| October 27, 2011 | $1.22 | $230.14 | $192.10 | $269.38 | $346.83 |
| October 28, 2011 | $1.00 | $108.75 | $57.71 | $42.15 | $12.85 |
| October 31, 2011 | $1.00 | $64.25 | $41.31 | $32.06 | ($16.96)* |
| November 1, 2011 | $1.00 | $88.37 | $5.51 | $3.39 | ($37.11)* |
| November 2, 2011 to November 3, 2011 | $0.02 | $129.14 | $72.90 | $96.65 | $36.90 |
| November 4, 2011 to November 20, 2011 | $0.00 | $90.91 | $52.59 | $66.58 | $10.45 |
| November 21, 2011 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

\*  This is a negative number.

8

**TABLE 2**

**Average Closing Prices for Each MF Global Security**
**For 90-Day Look-Back Period**
**(November 21, 2011 through February 17, 2012)[6]**

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 11/21/2011 | $0.13 | $270.97 | $306.00 | $307.03 | $300.00 |
| 11/22/2011 | $0.13 | $282.99 | $313.00 | $312.07 | $299.50 |
| 11/23/2011 | $0.13 | $282.99 | $322.00 | $321.92 | $299.50 |
| 11/25/2011 | $0.13 | $282.99 | $322.00 | $321.80 | $299.50 |
| 11/28/2011 | $0.13 | $282.99 | $322.00 | $326.89 | $299.50 |
| 11/29/2011 | $0.13 | $291.23 | $321.50 | $331.49 | $299.50 |
| 11/30/2011 | $0.13 | $293.42 | $321.50 | $333.82 | $299.50 |
| 12/1/2011 | $0.13 | $303.12 | $326.21 | $333.19 | $299.50 |
| 12/2/2011 | $0.13 | $309.14 | $329.25 | $335.15 | $299.50 |
| 12/5/2011 | $0.13 | $309.98 | $329.25 | $338.05 | $299.50 |
| 12/6/2011 | $0.13 | $313.73 | $329.38 | $338.05 | $299.50 |
| 12/7/2011 | $0.13 | $313.73 | $328.07 | $337.85 | $299.50 |
| 12/8/2011 | $0.13 | $313.69 | $328.25 | $337.72 | $299.50 |
| 12/9/2011 | $0.13 | $312.51 | $325.66 | $337.91 | $299.50 |
| 12/12/2011 | $0.12 | $314.01 | $325.07 | $336.91 | $299.50 |
| 12/13/2011 | $0.12 | $314.01 | $324.11 | $335.61 | $299.50 |
| 12/14/2011 | $0.12 | $312.53 | $321.05 | $333.85 | $299.50 |
| 12/15/2011 | $0.12 | $311.74 | $320.37 | $332.69 | $302.45 |
| 12/16/2011 | $0.12 | $311.72 | $319.25 | $331.63 | $304.96 |
| 12/19/2011 | $0.11 | $312.92 | $319.81 | $331.86 | $304.96 |
| 12/20/2011 | $0.11 | $312.92 | $320.49 | $331.61 | $304.96 |
| 12/21/2011 | $0.11 | $313.90 | $321.09 | $331.61 | $304.96 |
| 12/22/2011 | $0.11 | $315.21 | $321.71 | $332.18 | $311.97 |
| 12/23/2011 | $0.11 | $315.21 | $321.20 | $332.18 | $311.97 |
| 12/27/2011 | $0.10 | $314.91 | $320.41 | $331.92 | $311.97 |
| 12/28/2011 | $0.10 | $314.13 | $320.39 | $331.38 | $311.97 |
| 12/29/2011 | $0.10 | $313.37 | $320.39 | $332.32 | $311.97 |
| 12/30/2011 | $0.10 | $313.66 | $320.40 | $332.32 | $311.97 |
| 1/3/2012 | $0.10 | $314.36 | $320.94 | $332.29 | $311.97 |
| 1/4/2012 | $0.10 | $314.36 | $320.94 | $332.11 | $311.97 |
| 1/5/2012 | $0.10 | $314.82 | $321.21 | $332.73 | $311.97 |
| 1/6/2012 | $0.10 | $315.78 | $322.01 | $333.49 | $311.97 |
| 1/9/2012 | $0.10 | $316.54 | $322.01 | $333.49 | $311.97 |
| 1/10/2012 | $0.10 | $317.94 | $323.15 | $334.77 | $311.97 |
| 1/11/2012 | $0.10 | $317.94 | $323.15 | $335.51 | $311.97 |
| 1/12/2012 | $0.10 | $317.94 | $323.15 | $336.79 | $311.97 |
| 1/13/2012 | $0.10 | $317.94 | $323.15 | $337.92 | $311.97 |
| 1/17/2012 | $0.10 | $317.94 | $323.15 | $338.95 | $311.97 |
| 1/18/2012 | $0.10 | $319.50 | $323.15 | $340.08 | $320.60 |
| 1/19/2012 | $0.10 | $319.50 | $324.46 | $341.21 | $320.60 |
| 1/20/2012 | $0.10 | $319.50 | $324.46 | $341.21 | $320.60 |
| 1/23/2012 | $0.09 | $319.50 | $324.46 | $342.24 | $320.60 |
| 1/24/2012 | $0.09 | $320.64 | $324.46 | $343.29 | $328.66 |
| 1/25/2012 | $0.09 | $320.64 | $324.46 | $344.25 | $333.44 |
| 1/26/2012 | $0.09 | $321.54 | $325.82 | $345.23 | $333.44 |
| 1/27/2012 | $0.09 | $321.49 | $326.28 | $345.55 | $333.44 |

---

[6] On dates where the market was open but the security did not trade, the average closing prices from days with trading during the 90-day look-back period are reported.

| Purchase or Sale Date [1] | Common Stock [2] | 1.875% Notes [3] | 3.375% Notes [4] | 6.25%Notes [5] | 9% Notes [6] |
|---|---|---|---|---|---|
| 1/30/2012 | $0.09 | $321.76 | $326.28 | $345.14 | $333.44 |
| 1/31/2012 | $0.09 | $321.76 | $325.27 | $345.14 | $333.44 |
| 2/1/2012 | $0.09 | $321.13 | $325.27 | $344.84 | $329.92 |
| 2/2/2012 | $0.09 | $321.12 | $325.27 | $344.61 | $329.92 |
| 2/3/2012 | $0.09 | $320.72 | $325.27 | $344.13 | $329.92 |
| 2/6/2012 | $0.09 | $320.72 | $325.27 | $344.38 | $329.92 |
| 2/7/2012 | $0.09 | $320.54 | $325.57 | $343.96 | $329.92 |
| 2/8/2012 | $0.09 | $320.25 | $326.08 | $343.66 | $329.92 |
| 2/9/2012 | $0.09 | $320.24 | $326.20 | $343.58 | $329.92 |
| 2/10/2012 | $0.09 | $319.97 | $325.95 | $343.25 | $329.92 |
| 2/13/2012 | $0.09 | $319.97 | $325.54 | $343.09 | $329.92 |
| 2/14/2012 | $0.09 | $319.97 | $325.39 | $343.33 | $329.92 |
| 2/15/2012 | $0.09 | $319.97 | $325.39 | $342.84 | $329.92 |
| 2/16/2012 | $0.09 | $319.97 | $325.06 | $342.74 | $329.92 |
| 2/17/2012 | $0.09 | $319.97 | $324.42 | $342.78 | $330.93 |