BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020

MOTLEY RICE LLC
20 Church St., 17th Floor
Hartford, CT 06103

HANNAH ROSS
hannah@blbglaw.com
(212) 554-1411

WILLIAM H. NARWOLD
bnarwold@motleyrice.com
(860) 882-1681

January 27, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

> Re:    *City of Sunrise Firefighters' Pension Fund v. Citigroup Inc., et al.*, No. 1:20-cv-9132-AJN; *City of Sterling Heights General Employees' Retirement System v. Citigroup Inc., et al.*, No. 1:20-cv-9573-AJN; *Lim v. Citigroup Inc., et al.*, No. 1:20-cv-10360-AJN

Dear Judge Nathan:

We represent Lead Plaintiff Movants KBC Asset Management NV and Pembroke Pines Firefighters & Police Officers Pension Fund ("KBC and Pembroke Pines") in the above-referenced related actions. We write in opposition to Public Sector Pension Investment Board's ("PSP") request for permission to file a sur-reply in response to the reply brief filed by KBC and Pembroke Pines (ECF No. 55).

There is no basis here to grant PSP leave to file a fourth brief in support of its motion to serve as Lead Plaintiff. The arguments to which PSP seeks to respond were properly raised by KBC and Pembroke Pines in their reply brief to address arguments PSP improperly presented for the first time in its opposition brief: a purported calculation of its financial interest under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ("*Dura*"). *See* ECF Nos. 50-2; 50-3. Despite making passing reference to *Dura* in its opening brief, PSP pointedly did not argue that its financial interest should be based on some "*Dura*" analysis or provide any calculation of its financial interest under *Dura* in that first brief. PSP changed its approach to calculating financial interest after recognizing that its initial approach, which asked the Court to base the financial interest analysis on each movants' respective LIFO loss, would result in the appointment of KBC and Pembroke Pines. By improperly using its opposition brief to present new metrics for calculation of financial interest, PSP left KBC and Pembroke Pines no option but to address those arguments in their reply brief. PSP has already filed three briefs in connection with the competing Lead Plaintiff motions in this case, none of which support its appointment. It should not be allowed

Honorable Alison J. Nathan
January 27, 2021
Page 2

to file a fourth simply because it made a strategic decision to withhold certain financial interest arguments and calculations until it recognized that its initial arguments would not carry its motion.

Leave to file the proposed sur-reply should also be denied because the arguments therein do not alter the fact that assessing "*Dura*" losses at this stage is premature. Doing so forces the Court to analyze the merits of the case, by determining which disclosures of the alleged fraud to incorporate into the *Dura* analysis. This problem is highlighted by PSP's proposed sur-reply, which argues for excluding certain disclosures (that benefit KBC and Pembroke Pines) based on the content and timing of those disclosures. *See* ECF No. 55-1 at 6. Such arguments are contrary to the interests of the Class, which would benefit from an expansive consideration of the stock price declines attributable to the alleged fraud. PSP also displays a basic misunderstanding of *Dura*, as evidenced by its argument that its significant gains on sales of Citigroup bonds and options are "unconnected to the fraud" because those gains occurred "***prior*** to any corrective disclosures." ECF No. 55-1 at 7 (emphasis in the original). To the contrary, it is precisely because those sales predated the full disclosure of the truth (and, according to PSP, predated any corrective disclosures) that the sale prices were inflated by the alleged fraud, resulting in profits that must offset PSP's losses. The fact that PSP so plainly misrepresents the application of *Dura* severely undermines its request to predicate the Lead Plaintiff appointment on a "*Dura*" calculation it belatedly asserted.

The self-serving arguments in PSP's proposed sur-reply are as troubling as they were predictable. *See* ECF No. 51 at 8 (noting that PSP "would likely respond that the pleaded corrective disclosures should control at this stage" and how "such a response only highlights why in a case with a long class period and multiple disclosures it is virtually impossible to accurately assess financial interest under *Dura*"). PSP's willingness to take the position that the August 2018 partial disclosure is somehow "inconsistent with [the] allegations" in the filed complaints (ECF No. 55-1 at 6) demonstrates that PSP is not sufficiently incentivized to fully recover the losses caused by the alleged fraud. By challenging that partial disclosure—which is correlated with a statistically significant decline in the price of Citigroup shares (ECF No. 54-1) and falls squarely within the Class Period—PSP placed its own interests ahead of the interests of the Class for the limited purpose of securing its appointment as Lead Plaintiff.[1] PSP's actions, alone, demonstrate that it is incapable of fairly and adequately representing the interests of the Class. *See Borenstein v. Finova Grp., Inc.*, 2000 WL 34524743, at *8 (D. Ariz. Aug. 30, 2000) (movants who took positions against the best interests of the entire class "cannot qualify as the presumptively most adequate plaintiff" because such an appointment "pose[s] a significant risk that the complete interests of all class members would not be fairly and adequately protected").

In stark contrast, KBC and Pembroke Pines are sophisticated institutional investors that incurred losses of more than $28 million on their Class Period transactions in Citigroup stock and their "interest in expanding the recovery period is in line with the [C]lass's interest in maximizing

---

[1] Notably, PSP fails to provide any substantive response to Dr. Hartzmark's conclusions or calculations, other than to continue to contend that the Court should overlook its multimillion-dollar profit on Citigroup bonds and options.

Honorable Alison J. Nathan
January 27, 2021
Page 3

recovery." *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016). Moreover, because KBC and Pembroke Pines suffered greater LIFO losses and also expended more net funds than PSP, they have "the largest financial interest" under the *Lax* factors (*see* ECF No. 51 at 3-5)—another financial interest metric that PSP raised in its opposition but now abandons in the proposed sur-reply. Accordingly, KBC and Pembroke Pines are the presumptive "most adequate plaintiff" to lead this action.

For these reasons, KBC and Pembroke Pines respectfully request that the Court deny PSP's request for leave to file a sur-reply.

Respectfully submitted,

*/s/ Hannah Ross*                         */s/ William H. Narwold*
Hannah Ross                               William H. Narwold


cc: All Counsel of Record via ECF