UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP SECURITIES LITIGATION | No. 20 CV 9132 (LAP) |
| IN RE CITIGROUP SHAREOLDER DERIVATIVE LITIGATION | No. 20 CV 9438 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the letter dated April 21, 2022, from Lead Plaintiff Public Sector Pension Investment Board and Plaintiff Anchorage Police & Fire Retirement System (together, "Class Representatives"), on behalf of themselves and the putative class in In re Citigroup Securities Litigation. (Dkt. no. 135 in 20-cv-9132.) The letter comes in response to this Court's disclosure to the parties upon its assignment to the case that "the firm at which my husband is Senior Counsel, Cahill Gordon & Reindel LLP, regularly represents Citibank and/or its subsidiaries." (Dkt. no. 132 in 20-cv-9132.) Class Representatives seek "additional information . . . to allow the parties and the Court to consider whether recusal is appropriate," after which they propose to "promptly notify the Court whether they intend to request recusal." (Dkt. no. 135 at 3-4.) The additional information sought is extensive and includes a request for, among other things, "[s]ufficient information since 2016 in order to enable the parties to assess

1

the annual percentage of Cahill's revenues generated for representation of Defendants and/or their subsidiaries, affiliates and related entities."[1]  (Id.)  The Court is also in receipt of the letter dated May 2, 2022, from Co-Lead Plaintiffs the Employees' Retirement System of the State of Rhode Island and the Employee Retirement System of the City of Providence in In re Citigroup Shareholder Derivative Litigation, which echoes the concerns of Class Representatives in In Re Citigroup Securities Litigation and "agree[s] that it is appropriate to conduct due diligence on this issue."  (Dkt. No. 57 in 20-cv-9438.)

Class Representatives disavow that they are moving for recusal at this stage, but the Court construes the letters as motions for recusal.  Indeed, the Court has a sua sponte duty to consider whether recusal is required--a duty which the Court undertook upon assignment and which resulted in the Court's disclosure to the parties.

28 U.S.C. § 455(a) provides that a judge must recuse herself in any proceeding where her impartiality might reasonably be questioned.  Section 455(b) lists specific circumstances in which disqualification is required:

   1) Where he has a personal bias or prejudice concerning a
      party, or personal knowledge of disputed evidentiary facts
      concerning the proceeding;

---

[1] My husband retired as an equity parent on December 31, 2016.

2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    i. Is a party to the proceeding, or an officer, director, or trustee of a party;

   ii. Is acting as a lawyer in the proceeding;

  iii. Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

   iv. Is to the judge's knowledge likely to be a material witness in the proceeding.

While disqualification on the appearance of partiality under Section 445(a) may be waived by the parties after full disclosure of the basis for disqualification, the grounds for disqualification in Section 455(b) are mandatory and may not be waived by the parties regardless of the amount of disclosure by the Court.  28 U.S.C. § 455(e).

The only grounds for disqualification potentially implicated here are Section 455(a) (impartiality might reasonably be questioned) and Section 455(b)(4)/Section 455(b)(5)(iii) (a personal or spousal interest that could be substantially affected by the outcome of the proceeding).

As to Section 455(b)(4)/Section 455(b)(5)(iii), I do not have, individually or as a fiduciary, a financial interest in the subject matter in controversy or in a party to these proceedings, or any other interest that could be substantially affected by the outcome of these proceedings.  Class Representatives' principal concern is that my husband may have an interest that could be substantially affected by the outcome of the proceeding because of his role as Senior Counsel at the law firm of Cahill Gordon & Reindel LLP ("CGR"), which provides legal services to the Citi family of companies, including some or all of Citibank, Citigroup, and their subsidiaries, affiliates, etc. (hereinafter "Citi").  My husband's role as Senior Counsel at CGR does not involve his participation in the profits of CGR, vel non; he is not and since December 31, 3016 has not been an equity partner and he is not otherwise entitled to nor does he participate in a share of the firm's profits. His compensation by CGR is in no manner dependent on the result of any particular case, including this one.  Neither my husband

nor CGR is involved in any way in these proceedings.  And my husband does not currently represent Citi in any matter.

The case law and guidance from the Judicial Conference is clear that the mere fact that a judge's spouse is employed by a law firm that represents a particular client does not mandate recusal in a case involving that client, especially where neither the spouse nor his law firm represents the client in the proceeding at issue.  Advisory Opinion 58 of the Committee on Codes of Conduct of the Judicial Conference addresses the issue of disqualification when a relative (including a spouse) is employed by a law firm representing a party in a proceeding before the Court.  Judicial Conference, Advisory Opinion 58 (2009).  It bears repeating that while my husband renders legal services as part of CGR, CGR is not a participant in this case. Advisory Opinion 58 nevertheless provides helpful guidance.  It concludes that while "an equity partner in a law firm generally has 'an interest that could be substantially affected by the outcome of the proceeding' in all cases where the law firm represents a party before the court," "[i]f the relative is an

associate or non-equity partner[2] and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated."  Id. (emphasis added).  Thus, even if CGR were involved in this case (it is not), and even if my husband were an equity partner of CGR (he is not), that would not necessarily require recusal.  Cf. Pashaian v. Eccelston Properties, Ltd., 88 F.3d 77 (2d Cir. 1996) ("[I]t would be unrealistic to assume that partners in today's law firms invariably have an interest that could be substantially affected by the outcome of any case in which any other partner was involved.").  But in any event, "it is well accepted that a judge's relative does not have an 'interest that could be substantially affected' where the relative is an associate, as opposed to a partner, in a firm and does not participate in the case."  In re MarketXT Holdings Corp., 2006 WL 2583644, at *6 (Bankr. S.D.N.Y. July 21, 2006).  The Court

---

[2] For purposes of Advisory Opinion 58, a non-equity partner "is understood as one who receives a fixed salary, is not entitled to share in the firm's profits, and has no interest in the firm's client list or goodwill."  My husband's role as Senior Counsel meets this definition for these purposes, except that as a retired partner, he receives a fixed pension rather than a fixed salary.

therefore sees no reason for mandatory recusal under Section
455(b)(4)/Section 455(b)(5)(iii).[3]

As to Section 455(a), the theory must go something like
this:  The Court should be deemed to have a relationship with
Citi that could lead one reasonably to question the Court's
impartiality because the Court is married to an attorney who,
though he does not currently represent Citi in this action or
any other action, is associated with a law firm of over 300
attorneys, some of whom do represent Citi in certain matters
unrelated to the one before the Court.  If that relationship
sounds tenuous to the reader, it's because it is.

The Class Representatives assert that "[r]ecusal may be
warranted if a party to a litigation is a material client for
either a judge's spouse or the firm in which the spouse works."
(Dkt. no. 135 at 3.)  The authority Class Representatives cite
for this proposition, however, does not support their claim.
Section 3.2-2(d)(d-2) of the Compendium of Selected Opinions,
which is produced by the Committee on Codes of Conduct of the
Judicial Conference and made available to federal judges and

---

[3] Compare In re Am. Int'l Grp. Inc., No. 08 Civ. 4772 (S.D.N.Y.
Jan. 1, 2009) (Dkt. no. 63) (recusal granted where the Court's
spouse was an equity partner of the law firm of which the
defendant was a major client.)

7

their staffs but not the public,[4] generally relates to recusal in circumstances where a judge's spouse regularly represents a client in matters other than the one before the Court.  The guidance uses the logical form:  where (a) and (b) then (c).  This non-binding guidance only applies where (a) parties before the judge are "in other matters, clients of the judge's spouse, and (b) the spouse (or the spouse's law firm) regularly represents the clients in other matters." (Emphasis added.)  The term "or the spouse's law firm" applies only in (b), not (a).  Thus, the guidance is triggered only where (a) is satisfied.  Here, (a) is not satisfied, and therefore the guidance does not apply because the parties before the Court (namely, Citigroup) are not "in other matters, clients of" my husband.  Although other CGR attorneys may currently represent Citi in other matters, my husband does not.

In sum, the mere fact that the Court's husband works at a law firm that sometimes represents Citi does not mandate the Court's recusal.  No well-informed, thoughtful, objective observer would argue that a sitting federal judge should recuse herself from every matter in which a client of the law firm with which her husband is associated happens to be a party,

---

[4] It is not clear how counsel obtained access to the Compendium, but the Court assumes that access was authorized.  Because the Compendium is presumptively nonpublic, the Court will not reproduce Section 3.2-2(d)(d-2) here.

particularly where her husband's law firm does not represent the party in the case, her husband is not personally involved in the case, her husband does not represent the client in other cases, and her husband is not an equity partner in the firm.  I therefore conclude that recusal would be inappropriate.  See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.")).

The parties shall maintain discrete time records as to this motion and the letters that underlie it.

**SO ORDERED.**

Dated:      May 5, 2022
            New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge