

Javier Bleichmar
Partner
212 789 1340 phone
212 205 3961 fax
jbleichmar@bfalaw.com

June 21, 2022


**<u>VIA ECF</u>**
The Honorable Loretta A. Preska
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2220
New York, NY 10007


Re:     *In re Citigroup Securities Litigation,* No. 1:20-cv-09132-LAP (S.D.N.Y.)

Dear Judge Preska:

        We represent Lead Plaintiff Public Sector Pension Investment Board, Named Plaintiff Anchorage Police & Fire Retirement System ("Plaintiffs"), and the putative class in the above referenced matter.  We respectfully submit this letter to inform the Court of the attached Opinion and Order issued by Judge Rakoff in *Karimi v. Deutsche Bank Aktiengesellschaft*, 2022 WL 2114628 (S.D.N.Y. June 13, 2022).  In *Deutsche Bank*, Judge Rakoff found that statements like those Defendants made in this case were not puffery, were materially false and misleading, and that the complaint adequately pleaded scienter as to certain defendants based on allegations like those Plaintiffs present here.

        In *Deutsche Bank*, Judge Rakoff held that a bank's statements such as that it "developed and implemented a comprehensive set of measures to identify, manage and control its [anti-money laundering] risk" and that the bank made "substantial investment in our control functions, including the ongoing implementation of a more comprehensive Know-Your-Client (KYC) process…" were "neither mere puffery nor aspirational statements of intention or corporate optimism." *Id.* at *2-3, 6.  The court reasoned that the statements "are actionable[] because they provide descriptions of the processes by which [the bank] claims to vet its clients and thereby comply with its legal AML & KYC obligations and protect its reputation." *Id.* at *6.  The complaint in this case alleges Defendants made similar types of materially false and misleading statements.  *See* ECF No. 123 at 7-9.

        Similarly, the court in *Deutsche Bank* found "that the Complaint adequately alleges that the Challenged Statements were false, because they allegedly misrepresented the Bank's AML & KYC practices, not just that the Bank's managers failed to successfully implement in all cases policies that were generally adequate and appropriately described." *Deutsche Bank*, 2022 WL 2114628, at *9.  Judge Rakoff rejected arguments like those Defendants advance here, including that the complaint "does not allege that the Bank did not review or attempt to improve its



Hon. Loretta A. Preska
June 21, 2022
Page 2

processes," "that the complaint alleges mismanagement, not misstatements," and "that some statements appeared in publications that also contained hedges about the risk of inadequate implementation." *Id.* at *9-10.

Finally, Judge Rakoff found that the complaint in *Deutsche Bank* adequately pleaded scienter as to the company's two CEOs based on allegations that the CEOs "are alleged to have been aware of [relevant] regulatory proceedings by virtue of their position as executives and as members of the management board, inferences that are sufficiently plausible at [the pleading] stage." *Id.* at *11.

Respectfully submitted,

/s/ *Javier Bleichmar*
        Javier Bleichmar

cc: All counsel of record (by ECF)