# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 29, 2022

Via ECF

Hon. Loretta A. Preska,
  United States District Court,
    Southern District of New York,
      500 Pearl St., Room 2220,
        New York, New York  10007.

                Re:     *In re Citigroup Securities Litigation*, No. 1:20-cv-09132 (LAP)

Dear Judge Preska:

We write on behalf of Defendants in the above-referenced action in response to Plaintiffs' June 21, 2022 letter, which attached as a supplemental authority Judge Rakoff's decision in *Karimi* v. *Deutsche Bank Aktiengesellschaft*, 2022 WL 2114628 (S.D.N.Y. June 13, 2022) ("*Karimi*") — a decision that is not binding on this Court.  Nor is it apposite.  Plaintiffs' reliance on *Karimi* is therefore misplaced.

*First*, the statements at issue in *Karimi* are qualitatively different and more specific than those at issue in this case.  In *Karimi*, the Court repeatedly emphasized that the "statements at issue [t]here describe *specific* processes that the Bank and its executives knew were being systematically undermined by an unwritten but pervasive practice of exempting ultra-rich and politically connected wealth management clients from the due diligence processes supposedly required by Bank policy."  *Id.* at *9 (emphasis added); *see also id.* at *7 ("These statements all describe *specific processes* that the Complaint alleges were routinely ignored or, in practice, did not even exist . . . ." (emphasis added)).[1]  Indeed, *Karimi* distinguished dismissals in cases involving more general statements regarding compliance with law or about risk management generally, or where "the statements at issue

---

[1] *See also id.* at *8 ("Challenged Statements *specifically identified* processes and procedures" (emphasis added)); *id*. at *6 (statements described "*specific actions* before on-boarding clients" (emphasis added)); *id*. at *7 ("the Bank claimed to implement" "strict identification requirements, name screening procedures . . . ongoing monitoring and regular review").

claimed only that the Bank had reviewed or strengthened its AML and compliance programs" as a general matter.  *Id.* at *7-9.

Here, unlike in *Karimi*, the challenged statements involve general and garden-variety statements regarding the existence and overall structure and purpose of Citigroup's risk management systems.  (*See, e.g.*, Amended Complaint ¶ 333 ("Citi's firm-wide Risk Governance Framework consists of the policies, procedures, and processes through which Citi identifies, measures, manages, monitors, reports, and controls risks across the firm."); *id*. ¶ 362 ("Citi's Company-wide risk governance framework consists of the policies, procedures, and processes through which Citi identifies, measures, manages, monitors, reports and controls risks across the Company.").)  *Karimi* does not support liability for such unspecific statements.  Nor could it.  An established body of Second Circuit precedent holds that statements similar to or more specific than those here, in nearly identical contexts, are immaterial as a matter of law.  (*See* ECF No. 116 at 20-23; ECF No. 127 at 11-14.)[2]

*Second*, as to falsity, the allegations in this case are far less specific than those in *Karimi*.  There, the complaint cited various "sources of information to describe AML & KYC process failures," including allegations from eleven confidential witnesses that "the Bank's executives and management board routinely overruled compliance staff" in violation of the processes described in the defendants' challenged statements.  2022 WL 2114628, at *1, *3.  *Karimi* also emphasized contemporaneous audit reports, from within the class period, that, among other things, "assigned [the bank] a zero percent pass rate for KYC processes."  *Id.* at *4.  Nothing of that sort is alleged in this case.  There are no contemporaneous allegations from confidential witnesses or based on internal reports — in fact, there are no contemporaneous allegations at all.  Instead, Plaintiffs' entire complaint is based on the single, hindsight-based assertion that consent orders entered into in October 2020 necessarily rendered prior statements false or misleading.

*Third*, as to scienter, Plaintiffs' assertion (at 1) that the *Karimi* allegations are "like those Plaintiffs present here" is wrong.  In *Karimi*, the Court relied on allegations that "top executives were personally involved in" the relevant "decisions," as well as confidential-witness statements "recount[ing] specific instances" involving "high-level executives."  *Id.* at *3, *11.  Plaintiffs provide no similar support for their scienter

---

[2] *See also Plumbers & Steamfitters Local 773 Pension Fund* v. *Danske Bank A/S*, 11 F.4th 90, 103-04 (2d Cir. Aug. 25, 2021) (enclosed at ECF No. 129-1) (bank's "aver[ments] that it took steps to comply with AML protocols," including that it "takes the steps necessary to comply with internationally recognised standards, including Know Your Customer procedures," were not assertions about "particular acts of compliance" and too "generic" to be material, notwithstanding alleged AML deficiencies at the bank).

Hon. Loretta A. Preska, U.S.D.J. -3-

allegations here. Tellingly, *Karimi* dismissed all claims against two defendants where the allegations against them arose from speculative assumptions based on their Chief Financial Officer role. *Id.* at *12. Here, Plaintiffs impermissibly attempt to rely on speculation and assumptions based on corporate roles to assert scienter.[3] Plaintiffs in fact fail to cite a single contemporaneous document, communication, or other allegation to support scienter. That failure requires dismissal under well-settled law. (*See* ECF No. 116 at 26-34; ECF No. 127 at 14-17.)

Respectfully submitted,

*/s/ Sharon L. Nelles*

Sharon L. Nelles

cc: All Counsel of Record (via ECF)

---

[3] *See, e.g.*, Amended Complaint ¶ 255 (alleging that individual defendants had the "duty and responsibility to oversee risk management, risk compliance, and internal controls"); *see also id.* ¶¶ 282-85.