# Exhibit 6

# Bank Holding Company Supervision Manual



Division of Supervision and Regulation

Prepared by:
  Division of Supervision and Regulation
  Board of Governors of the Federal Reserve System

Send comments to:
  Director, Division of Supervision and Regulation
  Board of Governors of the Federal Reserve System
  Washington, D.C. 20551

In addition, comments may be sent via the Board's public website.

## 1065.0.1 LIMITED DISCLOSURE OF CONFIDENTIAL COMPOSITE AND COMPONENT RATINGS IN INSPECTIONS AND EXAMINATIONS

The Federal Reserve provides senior management and directors of supervised financial institutions the numeric and alphabetic component ratings assigned under various supervisory rating systems.[1] (See SR-96-26, "Provision of Individual Components of Supervisory Rating Systems to Management and Boards of Directors.") This disclosure includes the ratings assigned to management under the holding company rating systems.[2]

Depending upon the size and complexity of the organization, the disclosure of the rating and its components is made to the holding company in writing through formal examination or inspection reports, reports summarizing the results of targeted reviews, a roll-up of those reviews into a comprehensive report, any other supervisory communication, or some combination thereof. In conjunction with disclosing the ratings and their components to a holding company, examiners or supervisory officials should clearly explain what the ratings mean to the board of directors and management. During the exit meeting, the examiner should discuss key overall inspection findings, including preliminary composite and component numeric ratings.

In disclosing the assigned ratings, the examiner-in-charge should remind the board of directors and management that the ratings are part of the findings of the inspection or supervisory activity and are privileged and confidential under applicable law.[3] When examiners change a firm's ratings, examiners need to inform the firm's board of directors and management about the rating change. Examiners should not disclose ratings to the holding company's directors and management until preliminary approval has been received from the appropriate senior Reserve Bank supervisory officials.

## 1065.0.2 CONFIDENTIALITY OF THE SUPERVISORY RATING AND OTHER NONPUBLIC SUPERVISORY INFORMATION

The holding company inspection report and other supervisory communications constitute or contain the Board's confidential supervisory information (CSI), which is nonpublic information belonging to the Board.[4] The Board's Rules Regarding Availability of Information specifically provide that, except in very limited circumstances, supervised financial institutions may not disclose CSI outside of the financial institution, including inspection or examination findings, nor make any representations concerning an examination or inspection report or the report's findings, without the prior written permission of the Board.[5] Any person who discloses or uses CSI except as expressly permitted by the appropriate federal banking agency or as provided by the agency's regulations may be subject to the criminal penalties provided in 18 USC 641.

The legal prohibition on the release of CSI applies to all financial institutions examined by the agencies, including bank and savings and loan holding companies, Edge corporations, and the U.S. branches or agencies of foreign banking organizations that receive confidential supervisory ratings, including the LFI rating, RFI/C(D) rating, ROCA rating, and CAMEO rating.[6] As

---

1. The supervisory ratings are disclosed for the following rating systems:
   - CAMELS (state member banks)
   - RFI/C(D) and Large Financial Institution (LFI) rating system (bank holding companies, and savings and loan holding companies)
   - CAMEO (Edge and agreement corporations and overseas subsidiaries of U.S. banks)
   - ROCA (U.S. branches and agencies of foreign banking organizations)
   - Uniform Interagency Trust Rating System (UITRS)
   - The interagency Uniform Rating System for Information Technology (URSIT)

2. See SR-19-3 / CA-19-2, "Large Financial Institution (LFI) Rating System" and SR-19-4 / CA-19-3, "Supervisory Rating System for Holding Companies with Total Consolidated Assets Less Than $100 billion."

3. The inspection report should also include appropriate language stating that the findings of the inspection are privileged and confidential under applicable law.

4. See, e.g., 12 CFR 261.2(c)(1), 261.20(g), and 261.22(e).

5. 12 CFR part 261, subpart C. The regulation authorizes supervised financial institutions to disclose CSI to their directors, officers, and employees and to the directors, officers, and employees of their parent holding companies. 12 CFR 261.20(b)(1). In addition, institutions may also disclose CSI to their outside counsel and auditors on the premises of the institution. 12 CFR 261.20(b)(2).

6. RFI/C(D), LFI, ROCA, and CAMEO ratings are assigned by the Federal Reserve Board as a result of an examination or inspection. For noncomplex holding companies with assets of $3 billion or less, only risk-management and composite ratings are assigned. ROCA ratings are assigned to the U.S. branches, agencies, and commercial lending companies of foreign banking organizations. The ROCA rating components are risk management, operational controls, compliance,

with the CAMELS rating, examiners communicate these ratings to the regulated institutions in reports or other supervisory communications, which are the property of the Board.

Financial institutions that receive requests for confidential supervisory ratings should refer all requesters to the following publicly available information in lieu of disclosing any CSI, including the CAMELS rating:

- for banks and savings associations, an institution's quarterly reports of condition (Call Reports) (see 12 USC 1817)
- for holding companies or foreign banks with U.S. operations, an institution's quarterly and annual FR Y or H-(b)11 reports (see 12 USC 1844, 3106, 3108, 601–604a, and 611–631)
- for national banks, the annual disclosure statement (see 12 CFR 18.3)
- for banks, an institution's Uniform Bank Performance Report (UBPR), which is available to all interested parties at www.ffiec.gov and is designed for summary and in-depth analysis of banks;
- an institution's publicly available filings, if any, filed with the appropriate federal banking agency (15 USC 78(I)(i)) or with the U.S. Securities and Exchange Commission
- any reports or ratings on the institution compiled by private companies that track the performance of financial institutions
- any reports or ratings issued by private rating services on public debt issued by an institution
- any publicly available cease-and-desist order or enforcement proceeding against an institution[7]
- any reports or other sources of information on institution performance or internal matters created by the institution that do not contain information prohibited from release by law or regulation

---

and asset quality. CAMEO ratings are assigned to Edge corporations and the overseas branches and subsidiaries of U.S. banks. The CAMEO ratings components are capital, asset quality, management, earnings, and operations and internal controls.

7. Information on enforcement actions taken by the Federal Reserve may be found at https://www.federalreserve.gov/apps/enforcementactions/search.aspx.

Information on enforcement actions taken by other federal agencies, such as the Securities and Exchange Commission, the Financial Crimes Enforcement Network, and the Department of Justice, as well as foreign authorities, may also be publicly available.

## 1065.0.3 CONFIDENTIALITY PROVISIONS IN THIRD-PARTY AGREEMENTS

Under the Federal Reserve's statutory examination authority, examiners may review all books and records maintained on the premises of a financial institution that is subject to Federal Reserve supervision. This authority extends to any and all documents on the premises. In addition, under the Board's Rules Regarding Availability of Information, other than as set forth in the rules, Board-supervised organizations are prohibited from disclosing CSI to third parties without prior written permission of the Board's General Counsel. CSI is defined to include any information related to the examination or inspection of a banking organization, including supervisory ratings.[8] Significantly, Board staff has taken the position that identification of information requested by, or provided to, supervisory staff—including the fact that an inspection has taken or will take place—is related to an inspection and falls within the definition of CSI. Accordingly, it is contrary to Federal Reserve regulation and policy for agreements between a banking organization and its counterparties (for example, mutual funds, hedge funds, and other trading counterparties) or other third parties to contain confidentiality provisions that

1. restrict the banking organization from providing information to Federal Reserve supervisory staff;
2. require or permit, without the prior approval of the Federal Reserve, the banking organization to disclose to a counterparty that any information will be or was provided to Federal Reserve supervisory staff; or
3. require or permit, without the prior approval of the Federal Reserve, the banking organization to inform a counterparty of a current or upcoming Federal Reserve inspection or any nonpublic Federal Reserve supervisory initiative or action.

Banking organizations that have entered into agreements containing such confidentiality provisions are subject to legal risk. (See SR-07-19, "Confidentiality Provisions in Third-Party Agreements," and SR-97-17, "Access to Books and Records of Financial Institutions During Examinations and Inspections.")

---

8. See 12 CFR 261.2(c)(1)(i).