# Exhibit 8

Revised: May 1, 2021

## INDIVIDUAL PRACTICES IN CIVIL CASES
### ALISON J. NATHAN, United States District Judge

**Chambers**
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

**Courtroom**
Khalilah Williams, Courtroom Deputy
Courtroom 906
40 Foley Square
(212) 805-0142

**Unless otherwise ordered by Judge Nathan, these Individual Practices apply to all civil matters except for civil *pro se* cases (see Rules for *Pro Se* Cases). In cases designated to be part of one of the Court's pilot programs or plans (*e.g.* the Section 1983 Plan or Initial Discovery Protocols for Employment Cases Alleging Adverse Action), those procedures shall govern to the extent that they are inconsistent with these Individual Practices.**

1. **Communications with Chambers**

   A. **Letters.** Except as otherwise provided below, communications with the Court shall be by letter filed on ECF. Letters may not exceed three pages in length (exclusive of exhibits or attachments). Any letter longer than one page must be double spaced. Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document). Unless otherwise noted, parties should not submit courtesy copies of letters filed on ECF.

   B. **Letters Containing Sensitive or Confidential Information.** Letters that include requests to be filed under seal or that include sensitive or confidential information shall be emailed to the Court (NathanNYSDChambers@nysd.uscourts.gov) as .pdf attachments. Refer to Rule 4 for further instruction regarding requests for redactions and filing under seal. Any time a party submits a document to the Court without filing it on the public docket, the party **must** also submit a copy of the document to the Court's email address. Paper copies alone are insufficient.

   C. **Letter-Motions.** Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions" (the "ECF Rules"). All requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) shall be filed as letter-motions. Any letter longer than one page must be double spaced.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions, or submitted pursuant to Rule 1.B, if appropriate. Such requests must state: (i) the original date(s); (ii) the number of previous requests for adjournment or extension; (iii) whether these previous requests were granted or denied; and (iv) whether the adversary consents and, if not, the reasons given by the adversary for refusing to

1

consent.  If the parties are requesting adjournment of a conference, they must also provide <u>three</u> mutually agreeable alternate conference dates.  If the parties are requesting adjournment of an initial pretrial conference or post-discovery conference, the proposed dates should be Friday afternoons.

All requests for adjournment or extension of time must be made at least <u>48 hours</u> prior to the scheduled deadline or appearance.  Absent extraordinary circumstances, requests outside this period will be denied.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order should be attached to the request.

E.  **Urgent Communications.**  As a general matter, letter motions filed via ECF are reviewed by the Court the day that they are filed.  Other materials filed on ECF are reviewed the business day after they have been filed.  If an **<u>urgent</u>** matter requires **<u>immediate</u>** attention, please notify Chambers by telephone at (212) 805-0278 **<u>after</u>** you file the submission via ECF.

F.  **Hand Deliveries.**  Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the 500 Pearl Street Courthouse and may not be brought directly to Chambers.  Hand deliveries are regularly retrieved from Court Security.  However, if the hand-delivery is urgent and requires the Court's immediate attention, proceed to the entrance of the 40 Foley Square Courthouse ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

G.  **Faxes.**  Faxes are permitted only with prior approval of the Court, which will be granted in **<u>rare</u>** circumstances.  All faxes must clearly identify the person in Chambers who authorized the sending of the fax and copies must simultaneously be faxed or delivered to all parties.  Faxes sent without prior permission will not be read.

H.  **Related Cases.**  After an action has been accepted as related to a prior filed action, all future court papers and correspondence must contain the docket number of the new action, as well as the docket number of the case to which it is related (*e.g.*, 11 Civ. 1234 [rel. 10 Civ. 4321]).

I.  **ECF.**  In accordance with the ECF Rules, all attorneys representing parties before Judge Nathan are required to register promptly as ECF filers and to enter an appearance in the case.  The pertinent instructions are available on the Court website (https://nysd.uscourts.gov/rules/ecf-related-instructions).  Counsel are responsible for updating their contact information on ECF, should it change, and for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity. Pursuant to ECF Rule 4.3, counsel "have an obligation to review the Court's actual order, decree, or judgment, as available on ECF, and should not rely on the description of such order, decree or judgment in the Notice of Electronic Filing alone."

2.  **Conferences**

    A.  **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.  Any attorney appearing before the Court must enter a Notice of Appearance with the Clerk of Court.

    B.  **Initial Case Management Conference.**  The Court will generally schedule a Fed. R. Civ. P. 16(c) conference for a date within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be docketed on ECF; plaintiff's counsel is directed to notify all counsel of this Order forthwith.  This Notice will, *inter alia*, direct the parties to submit a Joint Letter (as described in the Notice) and a proposed Civil Case Management Plan and Scheduling Order to the Court at least seven days prior to the conference date.  The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-alison-j-nathan).  In a diversity case, parties shall also comply with Paragraph 5.C below.

    If counsel agree on a schedule that calls for the close of **all** discovery not more than six months from the date of the Notice of Initial Pretrial Conference, the parties may request in the above-referenced Joint Letter that the Initial Pretrial Conference be cancelled.  The Court will ordinarily grant such a request.

    C.  **Discovery Disputes.**  Parties must follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may file a letter-motion, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred by telephone or in person and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, within two business days of the initial letter.  To the extent a party's letter contains information that may be confidential or sensitive, the party is directed to Rule 1.B.

    Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, including by telephone conference call.

3.  **Motions**

    A.  **Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required, except for disputes concerning discovery, which are governed by Rule 2.C, and summary judgment motions made before the close of discovery, which are governed by Rule 3.G.vii.

    B.  **Memoranda of Law.**  The Court encourages and appreciates brevity.  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  All memoranda of law shall be in 12-point font or larger and be double-spaced.

Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit.

Sur-reply memoranda will not be accepted without prior permission of the Court. All appendices to memoranda of law must be tabbed and indexed.

**C. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**D. Courtesy Copies.** One courtesy copy of all motion papers, marked as such, should be submitted to Chambers by the movant <u>at the time the reply is served</u>. <u>All courtesy copies should be three-hole punched, tabbed, and placed in binders</u>. Courtesy copies should include a copy of any relevant pleadings. Courtesy copies should be printed double-sided. If the motion papers include lengthy exhibits, courtesy copies of the briefing should be placed in a separate binder from the exhibits. All binders shall indicate the case name and docket number on <u>both</u> the cover and the spine. Parties submitting courtesy copies of motion papers containing proposed or approved redactions should submit those documents in unredacted form with (proposed) redactions highlighted.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving, opposing, or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Motions to Dismiss.** When a motion to dismiss is filed, the non-moving party must, within 10 days of receipt of the motion, notify the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it will do so, or (ii) it will rely on the pleading being attacked. Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility.").

This provision does not alter the time to file a response in the Fed. R. Civ. P. or Local Rules. If the party amends, the opposing party may then (i) file an answer; (ii) file a new motion to dismiss; or (ii) submit a letter stating that it relies on the initially filed motion to dismiss. **If the moving party files an answer or a new motion to dismiss, the Court will deny the original motion to dismiss as moot without notice to the parties**.

**G. Summary Judgment Motions:**

i. Unless otherwise ordered by the Court, summary judgment motions shall be submitted within 30 days of the close of all discovery.

ii. All memorandum of law shall identify the law governing the dispute, identify the relevant facts, and apply that law to the facts. All memorandum of law must make specific reference to the relevant portions of the record. Failure to provide specific record citations or apply law to fact may be grounds for

ruling against the party in the summary judgment motion context. *See Amnesty America v. Town of West Hartford*, 288 F.3d 467, 471 (2d Cir. 2002).

iii.  Any Rule 56.1 statement in support of a motion for summary judgment is limited to no more than 25 pages unless leave of the Court to file a longer document is obtained at least one week prior to the due date of such motion for summary judgment.

iv.  Any party moving for summary judgment shall provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts Pursuant to Local Rule 56.1. Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement, and set out the opposing party's response directly beneath it. An opposing party's response to the moving party's Rule 56.1 statement shall be no longer than 50 pages, unless leave of the Court to file a longer document is obtained at least one week prior to the due date of such submission. If necessary, the opposing party may provide an additional Local Rule 56.1 statement containing a separate, short and concise statement of additional facts as to which it is contended that there exists a genuine issue to be tried. This submission shall be no longer than 25 pages.

v.  Each statement by a movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

vi.  Parties submitting papers in support of or opposition to a motion for summary judgment should submit <u>only</u> those exhibits necessary to decide the motion and should not submit, for example, entire deposition transcripts or every exhibit used at a deposition. The Court may strike documents that do not comply with these rules.

vii.  Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Summary judgment motions made before the close of discovery are <u>strongly discouraged</u>, although the Court will consider them in exceptional circumstances. A pre-motion conference with the Court is required before making any such motion. To arrange a pre-motion conference, the moving party shall submit a letter of not more than two pages setting forth the basis for the anticipated motion and explaining why exceptional circumstances justify submitting it before discovery closes. The opposing party may respond with a letter of not more than two pages within three days after the pre-motion letter is filed.

viii.  In the case of cross-motions for summary judgment, the following briefing schedule applies, unless the Court orders otherwise. Plaintiff shall submit a motion for summary judgment and supporting papers as described above. Defendant shall then submit a motion for summary judgment and a memorandum of law of no more than 50 pages supporting their motion and

5

opposing Plaintiff's motion.  Defendant shall also file any Rule 56.1 statement in support of their motion, and any response to Plaintiff's Rule 56.1 statement.  Plaintiff shall then file a memorandum of law of no more than 35 pages opposing Defendant's motion and replying to Defendant's opposition to Plaintiff's motion.  Plaintiff shall also file any response to Defendant's Rule 56.1 statement.  Defendant shall then file a reply to Plaintiff's opposition of no more than 10 pages.

H. **Failure of the Court to Schedule Argument or Decide a Motion.**  If a motion is not decided within 90 days of the time that it has become fully briefed, counsel for the movant shall send a letter to alert the Court.

I. **Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Rule 5 below.

J. **Motions to Exclude Testimony of Experts.**  Pursuant to Federal Rules of Evidence 702-705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases, motions to exclude testimony of experts must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.  Absent extraordinary circumstances, the Court will not resolve such motions prior to trial in non-jury cases, and the parties are discouraged from filing *Daubert* motions in non-jury cases.

K. **Applications for a Temporary Restraining Order.**  A party must confer with its adversary before making an application for a temporary restraining order unless proceeding *ex parte* is justified by Fed. R. Civ. P. 65(b)(1).  As soon as a party decides to seek a temporary restraining order, that party must file a letter on ECF (or by email if proceeding *ex parte*), or, in the case of a true emergency, call Chambers at (212) 805-0278 and state clearly whether (i) it has notified its adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary.  If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must bring the application to the Court at a time mutually agreeable to it and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

L. **Default Judgments.**  A plaintiff seeking a default judgment must proceed by filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b).  A plaintiff seeking a default judgment should not proceed by order to show cause.  The motion must be supported by the following papers:

    i. An attorney's affidavit or declaration setting forth:

        1. The basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        2. The procedural history beyond service of the summons and complaint, if any;

3. Whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

4. The proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

5. Legal authority for why an inquest into damages would be unnecessary;

ii. A proposed default judgment;

iii. Copies of all the operative pleadings;

iv. A copy of the affidavit of service of the summons and complaint; and

v. If failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

The plaintiff must serve the motion for default judgment and supporting paperwork on the party against whom default judgment is sought and file an affidavit of service on ECF within fourteen days of filing the motion for default judgment. The Court will not consider the motion for default judgment until such affidavit of service is filed. If more than fourteen days are required to complete service of the motion for default judgment and supporting papers, the plaintiff should file a letter on ECF explaining why additional time is necessary and when the plaintiff anticipates service will be completed.

The Court will review the motion for default judgment and, if appropriate, issue an order setting a date and time for a default judgment hearing. If the Court issues such an order, the plaintiff must then serve on the party against whom default judgment is sought the Court's order setting a date and time for the default judgment hearing. The plaintiff must filed proof of such service on the docket in the manner and by the date specified in the Court's order setting the default judgment hearing.

M. **Proposed Orders.** All proposed orders that parties wish the Court to sign should be submitted on ECF as attachments or exhibits to an appropriate formal application to the Court seeking the endorsement of such order.

4. **Sealing and Redactions**

A. **Sealing and Redactions Not Requiring Court Approval.** The parties are referred to the EGovernment Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy") and reminded not to include, unless necessary, the five categories of "sensitive information" in their submissions (*i.e.*, social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records

7

(including information regarding treatment and diagnosis), employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government), as described in the Privacy Policy, without Court approval.

**B. Sealing and Redactions Requiring Court Approval.**  Except as permitted by Section 4.A, **all sealing and redactions require Court approval.**

Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should not include confidential information sought to be filed under seal.  Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion.  The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted.  Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request.  When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing

party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

One courtesy copy of all papers associated with the request shall also be mailed or hand-delivered to the Court.

## 5. Other Pretrial Guidance

**A. Settlement Agreements.** The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record. The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

In FLSA actions, Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires that the Court review and scrutinize a proposed settlement agreement to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 338 (S.D.N.Y. 2012). The parties must submit to the Court both the settlement agreement and a joint letter explaining why the settlement should be approved. The joint letter should contain the following:

    i. Discussion of the considerations detailed in *Wolinksy*, 900 F. Supp. 2d at 335–36.

    ii. A description of the method used to calculate the settlement amounts.

    iii. A list of the hours plaintiff(s) worked and at what wages. This should be detailed enough to enable the Court to follow the parties' steps in calculating the settlement amounts. If the parties disagree on hours worked or wages owed, both parties' estimates should be included.

    iv. Detailed billing records to support any request for attorneys' fees, documenting the hours expended and the nature of the work done.

    v. If the proposed settlement contains a non-disparagement provision, authority and argument demonstrating that the proposed provision is fair and reasonable.

The Court will not ordinarily approve settlement agreements that contain a confidentiality provision or a general release from all liability. *See Wolinsky*, 900 F. Supp. 2d at 337–40; *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997 (AJN),

2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

B. **Diversity Jurisdiction Cases.**  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, submit to the Court a letter no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

C. **Cases Removed from State Court.** Counsel for the party or parties which removed the case must, in addition to providing a copy of all process, pleadings, and papers served upon the defendants pursuant to 28 U.S.C. § 1446(a), provide the Court with a courtesy copy of any pleading filed or served while the case remained in State court. Counsel for all parties must file a notice of appearance in this Court promptly upon removal.

D. **Bankruptcy Appeals.**  Briefs must be submitted in accordance with Fed. R. Bankr. P. 8009–8010.  Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

6. **Trial Procedures**

A. **Joint Pretrial Report.**  Unless otherwise ordered by the Court, within 40 days from the date for the completion of all discovery, or, if a dispositive motion has been filed, within 14 days of a decision on such motion, the parties shall electronically file a proposed Joint Pretrial Report.  This document, which should be ECF filed under the event heading "Joint Pretrial Report," shall include the following:

   i.  The full caption of the action;

   ii.  The names, law firms, addresses, and telephone and fax numbers of trial counsel;

   iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

   iv.  A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.  The summaries should not recite any evidentiary matter;

   v.  A statement as to the number of trial days needed and regarding whether the case is to be tried with or without a jury;

10

vi.   A statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

vii.   Any stipulations or agreed statements of fact or law to which all parties consent;

viii.   A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony.  Deposition testimony will only be permitted if allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence and if the witness is not otherwise testifying live;

ix.   A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party; and

x.   A list by each party of exhibits to be offered in its case in chief, with one star indicating an objection by the opposing party based on authenticity.  When a party objects to an exhibit on any grounds other than authenticity, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection.  Objections not made will be waived.

xi.   A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xii.   A statement of whether the parties consent to less than a unanimous verdict.

**B.  Motions *in limine*.**  Any party wishing to file a motion addressing evidentiary issues or other matters which should be resolved *in limine* shall electronically file such a motion at the time that the Joint Pretrial Report is filed.  Opposition papers shall be filed within seven days thereafter, and reply papers shall be filed within four days of any opposition.

**C.  Pretrial Memorandum of Law.**  If a party believes that a pretrial memorandum of law would be useful to the Court, it shall electronically file the memorandum at the time that the Joint Pretrial Report is filed.

**D.  Requests to Charge and Proposed *Voir Dires*.**  In all jury trials, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be electronically filed at the time that the Joint Pretrial Report is filed.  The joint proposed *voir dire* shall include a brief (one or two paragraph) statement about the case to be read to the prospective jurors at the beginning of *voir dire*.

For any requests to charge on which the parties cannot agree, each party should clearly set forth its proposed charge, as well as the grounds on which the Court should use that charge and should include citations to supporting case law sufficient to enable the Court to render a decision.

In addition to filing these documents on ECF, parties should also submit copies of these documents to the Court by email (NathanNYSDChambers@nysd.uscourts.gov), **<u>as Microsoft Word documents</u>**.

**E. Trial Exhibits.** At the time that the Joint Pretrial Report is filed, each party shall submit to the Court a tabbed and indexed binder containing one copy of each documentary exhibit sought to be admitted. Exhibits shall also be filed on ECF.

**F. Additional Submissions in Non-Jury Cases.**

i. At the time the Joint Pretrial Report is filed, each party shall electronically file proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

ii. At the time the Joint Pretrial Report is filed, each party shall email to the Court and serve on opposing counsel, but not electronically file, all deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts. Note also Rule 5.A.viii.

iii. At the time the Joint Pretrial Report is filed, each party shall file on ECF copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits.

**G. Courtesy Copies of Pre-Trial Materials.** Two courtesy hard copies of all documents identified in 6.A, C, D, and F should be submitted to Chambers on the date on which they are served or filed. Courtesy copies of motions *in limine* should be submitted by the movant at the time the reply is served. As noted, only one copy of documentary exhibits is required. <u>All courtesy copies should be three-hole punched, tabbed, and placed in binders</u>.

**H. Trial Schedule.** Trials will generally be conducted Monday through Thursday from 9:30 a.m. to 5:00 p.m.

**7. Policy on the Use of Electronic Devices**

Attorneys' use of electronic devices (including mobile telephones, personal electronic devices, computers, and printers) within the Courthouse and its environs is governed by the Court's Standing Order M10-468. If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit a copy of the Electronic Devices General Purpose Form, available at https://nysd.uscourts.gov/node/766, to the Court by email at least two business days prior to the relevant trial or hearing. If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times. Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

8.  **Encouraged Participation of Junior Members of Legal Teams**

Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked.  Firms are encouraged to provide this opportunity to junior attorneys for training purposes.  This Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate.  The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.