**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP SECURITIES LITIGATION | Case No. 1:20-cv-09132-LAP<br><br>**CLASS ACTION** |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND**

**UNREDACTED VERSION FILED UNDER SEAL**

**BLEICHMAR FONTI & AULD LLP**
Javier Bleichmar
Joseph A. Fonti
Erin H. Woods
Benjamin F. Burry

7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
jfonti@bfalaw.com
ewoods@bfalaw.com
bburry@bfalaw.com

*Counsel for Lead Plaintiff Public Sector Pension Investment Board and Named Plaintiff Anchorage Police & Fire Retirement System, and Lead Counsel for the Putative Class*

## TABLE OF CONTENTS

I.    THE MOTION TO AMEND IS NOT FUTILE ................................................................ 1

    A.    The SAC Includes Extensive New "Omitted Facts" Demonstrating
        Material Falsity under Long-Standing Precedent ............................................... 1

           1.  Defendants' Omissions Are Actionable ............................................... 4

           2.  The "Outright Untrue" Statements Are Actionable ............................. 5

    B.    The SAC Includes Extensive Newly-Pled Allegations Supporting a
        Strong Inference of Scienter ............................................................................... 9

II.   THERE IS NO UNDUE DELAY ................................................................................. 13

III.  CONCLUSION ........................................................................................................... 14

i

## TABLE OF AUTHORITIES

**Cases**

*Baez v. Delta,*
   2013 WL 5272935 (S.D.N.Y. Sept. 18, 2013)..................................................... 13

*Barron v. Helbiz, Inc.,*
   No. 21-278, 2021 WL 4519887 (2d Cir. Oct. 4, 2021) (Summary Order) .............. 13

*Cresci v. Mohawk Valley Cmty. Coll.,*
   693 F.App'x 21 (2d Cir. 2017) (Summary Order)................................................ 14

*Dobina v. Weatherford Int'l Ltd.,*
   909 F.Supp.2d 228 (S.D.N.Y. 2012) ...................................................................... 9

*ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.,*
   553 F.3d 187 (2d Cir. 2009) ............................................................................. 2, 5

*Ganino v. Citizens Utils. Co.,*
   228 F.3d 154 (2d Cir. 2000) .................................................................................. 2

*In re Am. Express Co. Sec. Litig.,*
   No. 02 CIV. 5533 (WHP), 2008 WL 4501928 (S.D.N.Y. Sept. 26, 2008),
   aff'd sub nom. *Slayton v. Am. Exp. Co.,*
   604 F.3d 758 (2d Cir. 2010) ............................................................................... 11

*In re AstraZeneca Sec. Litig.,*
   2022 WL 4133258 (S.D.N.Y. Sept. 12, 2022)...................................................... 13

*In re Bank of Am. AIG Disclosure Sec. Litig.,*
   980 F.Supp.2d 564 (S.D.N.Y. 2013), *aff'd,* 566 F.App'x 93 (2d Cir. 2014)............ 5

*In re Doral Fin. Corp. Sec. Litig.,*
   563 F.Supp.2d 461 (S.D.N.Y. 2008),
   aff'd sub nom. *W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.,*
   344 F.App'x 717 (2d Cir. 2009) .......................................................................... 11

*In re Eaton Vance Mut. Funds Fee Litig.,*
   403 F.Supp. 310 (S.D.N.Y. 2005),
   *aff'd, Bellikoff v. Eaton Vance Corp.,*
   481 F.3d 110 (2007).......................................................................................... 13

*In re Eletrobras Sec. Litig.,*
   245 F.Supp.3d 450 (S.D.N.Y. 2017) ...................................................................... 9

*In re PXRE Grp., Ltd., Sec. Litig.,*
    600 F.Supp.2d 510 (S.D.N.Y. 2009),
    *aff'd sub nom. Condra v. PXRE Grp. Ltd.,*
    357 F.App'x 393 (2d Cir. 2009) .................................................................................... 11

*In re Scholastic Corp. Sec. Litig.,*
    252 F.3d 63 (2d Cir. 2001) ...................................................................................... 10, 12

*In re Signet Jewelers Ltd. Sec. Litig.,*
    389 F.Supp.3d 221 (S.D.N.Y. 2019) (McMahon, C.J.) ................................................. 5

*In re Signet Jewelers Sec. Litig.,*
    2018 WL 6167889 (S.D.N.Y. Nov. 26, 2018) .............................................................. 6

*In re Synchrony Fin. Sec. Litig.,*
    988 F.3d 157 (2d Cir. 2021) ........................................................................................ 6

*In re Vivendi Universal, S.A.,*
    381 F.Supp.2d 158 (S.D.N.Y. 2003) ............................................................................ 7

*In re Vivendi, S.A. Sec. Litig.,*
    838 F.3d 223 (2d Cir. 2016) .................................................................................... 2, 4

*In re Wachovia Equity Sec. Litig.,*
    753 F.Supp.2d 326 (S.D.N.Y. 2011) .......................................................................... 11

*Indiana Pub. Ret. Sys. v. SAIC, Inc.,*
    818 F.3d 85 (2d Cir. 2016) .......................................................................................... 2

*Iowa Pub. Emps.' Ret. Sys., v. MF Glob., Ltd.,*
    620 F.3d 137 (2d Cir. 2010) ........................................................................................ 7

*Kopchik v. E. Fishkill, N.Y.,*
    759 F.App'x 31 (2018) (Summary Order) .................................................................. 13

*Lehman v. Ohr Pharm. Inc.,*
    2020 WL 6729116 (S.D.N.Y. Nov. 16, 2020) ........................................................... 13

*Litwin v. Blackstone Grp., L.P.,*
    634 F.3d 706 (2d Cir. 2011) ........................................................................................ 2

*Loc. No. 38 v. Am. Exp. Co.,*
    724 F.Supp.2d 447 (S.D.N.Y. 2010) .......................................................................... 11

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,*
    797 F.3d 160 (2d Cir. 2015) ...................................................................................... 13

*Matrixx Initiatives, Inc. v. Siracusano,*
    563 U.S. 27 (2011)................................................................................... 1, 2, 4, 8

*Meyer v. Jinkosolar,*
    761 F.3d 245 (2d Cir. 2014) ......................................................................... 5

*N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC,*
    709 F.3d 109 (2d Cir. 2013) ......................................................................... 2

*New Orleans Emps. Ret. Sys. v. Celestica, Inc.,*
    455 F.App'x 10 (2d Cir. 2011) (Summary Order)................................. 10, 12

*Novak v. Kasaks,*
    216 F.3d 300 (2d Cir. 2000) .................................................................. 6, 9, 12

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,*
    575 U.S. 175 (2015)..................................................................................... 7

*Pasternack v. Shrader,*
    863 F.3d 162 (2d Cir. 2017) ....................................................................... 13

*Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.,*
    821 F.3d 349 (2d Cir. 2016) ....................................................................... 13

*S.E.C. v. Gabelli,*
    653 F.3d 49 (2d Cir. 2011) ........................................................................... 4

*Schvimmer v. Off. of Court Admin.,*
    857 F.App'x 668 (2d Cir. 2021) (Summary Order)...................................... 14

*Singh v. Cigna,*
    918 F.3d 57 (2d Cir. 2019) ........................................................................... 5

*State Trading Corp. of India v. Assuranceforeningen Skuld,*
    921 F.2d 409 (2d Cir. 1990) ....................................................................... 13

*Stratte-McClure v. Morgan Stanley,*
    776 F.3d 94 (2d Cir. 2015) ........................................................................... 4

*Tellabs Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)..................................................................................... 9

*Tesla Wall Sys., LLC v. Related Cos., L.P.,*
    2018 WL 4360777 (S.D.N.Y. Aug. 15, 2018)............................................ 13

iv

Rather than take on the extensive newly-pled facts in the SAC, Defendants' opposition reverts to the Court's ruling dismissing the CAC, contending that Plaintiffs "do not engage with—or even quote or mention—the Court's well-reasoned" opinion. That is not true. The SAC squarely addresses the Court's chief basis for dismissal (*i.e.*, that the CAC did not contain "factual allegations identifying with some level of specificity what contradictory information Citigroup had and when it had it") (Order at 45) by providing abundant contemporaneous, first-hand facts. Defendants have no response to the new allegations that ███████████████████████████

████████████████████████████████████████████████████████ They also do not engage with the ██████████████████████████████████████████

█████████████ Nor do Defendants address ████████████████████████

████████████████████████████████████████████████████████

█████████████[1] Plaintiffs' motion for leave to amend should be granted.

## I.     THE MOTION TO AMEND IS NOT FUTILE

### A.     The SAC Includes Extensive New "Omitted Facts" Demonstrating Material Falsity under Long-Standing Precedent

For nearly half a century, the Supreme Court has held that the alleged "omitted fact[s]" determine materiality. Misrepresentations are material where there is "'a substantial likelihood that the disclosure of the ***omitted fact[s]*** would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.'" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38-39 (2011) (quoting *Basic & TSC*). The law does not require a statement to be a guarantee or complete assurance; there are no "bright-line rule[s]" rendering any

---

[1] Internal quotations and citations are omitted, terms are as defined in the proposed Second Amended Complaint ("SAC") (ECF 148-1), and emphasis is added, unless otherwise noted. "¶_" and "§_" refers to the SAC; ECF 139 is "Order"; ECF 147 is "Br."; ECF 152 is "Opp."; "Burry Decl." refers to the accompanying declaration of Benjamin F. Burry, and the exhibits thereto referred to as "Ex. _." The SAC and Br. are currently provisionally filed under seal (*see* ECF 151).

particular type of statement material (or immaterial). *Id*. at 30. Instead, Defendants' representations must be "taken together and in context" to determine whether they "would have misled a reasonable investor." *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 250 (2d Cir. 2016) ("Whether a misrepresentation is material is 'judged according to an objective standard' that turns on 'the significance of an omitted or misrepresented fact to a reasonable investor'" (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459, 466 (2013))).[2] In the rare instance a District Court dismisses for a lack of materiality, the Second Circuit requires the alleged misstatements or omissions to be "so obviously unimportant to a reasonable investor that reasonable minds ***could not differ*** on the question of their importance."[3]

In addition to not addressing the plethora of newly pled contemporaneous facts, Defendants do not acknowledge the context of their misrepresentations and omissions: ███████

██████████████████████ ███████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

---

[2] *See also N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 125-26 (2d Cir. 2013) (reversing dismissal; materiality is "inherently fact-specific"); *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 716-18 (2d Cir. 2011) (same); *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 96 (2d Cir. 2016) (reversing denial of leave to amend; materiality is a mixed question of law and fact).

[3] *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000); *see also ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009); *SAIC, Inc.*, 818 F.3d at 96. In applying this standard, a court cannot evaluate a fact (or statement) in isolation; rather, materiality is a holistic analysis requiring consideration of all allegations and facts. *Matrixx*, 563 U.S. at 46-47; *Litwin*, 634 F.3d at 717.

3



████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

### 1.    Defendants' Omissions Are Actionable

Thus, even before turning to their "untrue outright" statements, Defendants are liable because their extensive statements in investor calls and SEC filings as to Risk Management are "misleading by virtue of what [they] omit[] to state." *Vivendi*, 838 F.3d at 239. Having chosen to speak about these issues, Defendants were obligated to tell the "whole truth" about them. *Id.* at 258 ("once a company speaks on an issue or topic, there is a duty to tell the whole truth"). As a result, their "so-called half-truths—literally true statements that create a materially misleading impression—will support claims for securities fraud." *S.E.C. v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011). In the context of touting how Citi was "Managing Global Risk" in hundreds of pages of SEC filings (Exs. A-D), reasonable investors would have viewed Defendants' omitted facts as significantly altering the "total mix" of information made available,'" *Matrixx*, 563 U.S. at 38-39.

In addition, Defendants had an affirmative duty to disclose these material facts under Item 303. *See Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 101 (2d Cir. 2015); Br. 15-17. The SAC now pleads detailed contemporaneous facts showing that the "underinvestment in risk management or the eventual October 2020 Orders were 'presently known' to the Defendants at the relevant time," addressing the Court's concern. Order at 52; *see, e.g.*, §§VI, VIII.B; Exs. A-D.

Defendants' only counter to the SAC's omissions and Item 303 grounds for falsity is to invoke the Court's prior ruling. Opp. 12-13. But the ruling could not, and Defendants do not,

4

address the newly-pled facts alleged in the SAC. *See, e.g.*, Opp. 13 (not addressing ¶¶315-27). Further, Defendants tellingly cannot point to any disclosure of the "known trends or uncertainties" and "known events that will cause a material change in the relationship between costs and revenues" (Item 303) due to Citi's non-existent ERM. Defendants only challenge the portion of this claim by arguing that Citi warned of "Risk Factors." Opp. 13. That is legally insufficient because their purported warnings spoke of future irrelevant risks, while concealing the contemporaneous facts and the risks concerning ERM that had already materialized.[4]

### 2.    The "Outright Untrue" Statements Are Actionable

Rather than grapple with the extensive, newly-pled material facts or demonstrate their "obvious unimportance," Defendants raise improper factual disputes, mischaracterize Plaintiffs' allegations, and misstate the law. Section VIII of the SAC specifically ties the above facts (and others) to the eight false and misleading statements, demonstrating the material falsity of each.[5]

**Project Rainbow Statements:** ████████████████████████████████

████████████████████████

---

[4] Defendants' cited authority agrees; where "a party is aware of an actual danger or cause for concern, the party may not rely on a generic disclaimer in order to avoid liability." *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F.Supp.2d 564, 571, 580 (S.D.N.Y. 2013), *aff'd*, 566 F.App'x 93 (2d Cir. 2014).

[5] The newly-pled facts are in line with *Meyer v. Jinkosolar*; the SAC centers on a "***failure to disclose [] problems***" that "could be found by a trier of fact to be an ***omission*** that renders misleading the comforting statements … about compliance," and the "generic warning of a risk will not suffice when ***undisclosed facts on the ground*** would substantially affect a reasonable investor's calculations of probability." 761 F.3d 245, 251 (2d Cir. 2014); *see supra* I.A. Nor is *ECA* in conflict, 553 F.3d at 205-06 (rejecting plaintiffs' contention that any statement regarding a bank's integrity and risk management is "*per se*" material" where a relatively tiny transaction was allegedly misclassified). Further, *Singh v. Cigna*, 918 F.3d 57 (2d Cir. 2019), does not permit a "*per se*" materiality rule and did not alter the contextual analysis of material falsity. *See In re Signet Jewelers Ltd. Sec. Litig.*, 389 F.Supp.3d 221, 229-30 (S.D.N.Y. 2019) (McMahon, C.J.) (even for statements amounting to puffery, context—including "whether they comport (or contradict) the company's other disclosures and conduct" and "whether the conduct at the company contravenes the company's other public disclosures"—must be considered) (cleaned up).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

The Project Rainbow statements are material. ███████████████████████████████

██████████████████████████████  ███████████████  It is axiomatic that information

volunteered to analysts in response to their questions to help them evaluate investments—which

is their job—cannot be so obviously unimportant to reasonable investors that reasonable minds

could not differ on the question of their unimportance. *See In re Signet Jewelers Sec. Litig.*, 2018

WL 6167889, at *12 (S.D.N.Y. Nov. 26, 2018) (statements material when they "were made in

response to direct questions ... in an effort to reassure the investing public about" the topic at issue).

Defendants argue that the Project Rainbow statements are immaterial because they are

"vague" or "general and aspirational." Opp. 9-11. They are not. Each statement is capable of

being "concrete[ly]" untrue, and thus actionable. *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157,

168 (2d Cir. 2021). ████████████████████████████████████

████████████████████████████████████████████████████████

████████████  ████████████████████████████████████████

████████████████  *see also Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000) (statements that

"the inventory situation was 'in good shape' or 'under control'" were not puffery because they

were untrue at the time).

6

Defendants' remaining arguments concerning Project Rainbow also fail:

- These statements are not solely "about Mexico in 2017." Opp. 8-9. In addition to raising factual disputes, Defendants are wrong. Mexico is identified as an *exception* to Corbat's false statement that "major investments" in Rainbow, a risk management platform, and other big projects are "paying great dividends." ECF 117-9 at 4-5; *see* ¶285.

- Corbat's statements about Project Rainbow are not inactionable "opinion," Opp. 9, 12, because his representations were factual and did not "fairly align[] with the information" available to him (but not investors) that ███████████████████████ ████████████████████████████████ *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 188-89 (2015).

- Defendants cannot graft new meaning onto Corbat's factual representation in ¶¶290, 291 by speculating that he merely "wanted" to develop a more "holistic view" (Opp. 10) or *could have been* referencing "unspecified" investments that did achieve this result (Opp. 11). ██████████████████████████████████████████ Defendants do not contend his statement is true, and it is improper to create a factual dispute—especially by proffering an alternative secret meaning. Opp. 10-11; *see, e.g.,* ¶¶186(a)(ii)(2), (d)(v)(2).

- Defendants mischaracterize Plaintiffs' allegation regarding Gerspach's statement. Opp. 12. What is actionable is a present fact: "Right now, we're tracking everything globally." Defendants' assertion that the rest of this statement is forward looking is irrelevant.[6]

- Defendants are wrong that only FE-1 mentions Project Rainbow and FE-1's account is "broad brush." Opp. 11. ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

**Risk Governance Framework Statements:** The SAC alleges Defendants' statements in the 2016-2018 Annual Reports about Citi's purported "Risk Governance Framework" (Statements 1, 3, and 7) are materially false and misleading based on contemporaneous facts. *Supra* I.A.

- Defendants do not contest a central basis for material falsity ████████████ ████████████████████████████████████████████████

---

[6] A separate forward-looking portion is "severable." *Iowa Pub. Emps.' Ret. Sys., v. MF Glob., Ltd.*, 620 F.3d 137, 144 (2d Cir. 2010). Further, even if construed as forward-looking, the boilerplate warning that a disclosure "may contain forward-looking" statements (ECF 153-4 at 2) is insufficient to trigger the safe harbor. *In re Vivendi Universal, S.A.*, 381 F.Supp.2d 158, 183 (S.D.N.Y. 2003) ("boilerplate warnings will not suffice" to trigger safe harbor).

7

██████████████████████████████████████████████████
██████████████████████████████████████
████████████████████████

- Contrary to Defendants' arguments (Opp. 5), the SAC challenges the ███████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████[7]

- Defendants' statements are not "general and aspirational." Opp. 4. They reassured investors of ██████████████████████████████████████████████
████████████████████████████████████ *see Matrixx*, 563
U.S. at 43-47. █████████████████████████████████
████████████████████████ *See* 2-3, *supra*.

- Defendants' materiality challenge is not "buttressed" by the Risk Factors section of Citi's Annual Reports, Opp. 4-5. Those purported warnings addressed potential future risks while concealing the known contemporaneous facts newly alleged in the SAC. *See* 4-5 & nn.4-5, *supra*.

**Transformation Statement:**    The SAC alleges that Corbat's assurance that Citi "completed [its] transformation from the financial crisis" (Statement 8) is actionable based on the contemporaneous facts. *Supra* I.A. Defendants' arguments again are unavailing:

- Defendants' challenge to the statement as "vague" (Opp. 7) fails for the reasons above.

- Defendants mischaracterize Corbat's statement. They say his representation that Citi had "completed its transformation from the financial crisis" referred solely to some amorphous "diffuse set of metrics," such as "climate change" and "gender equality," and was wholly unrelated to risk management. Opp. 7-8. That characterization defies common sense and the plain meaning of the words he spoke, and ignores that Citi's near collapse during the financial crisis was caused by its lack of ERM and controls. ECF 117-23 at 3; *see also* ¶9.

---

[7] ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████

**B.    The SAC Includes Extensive Newly-Pled Allegations Supporting a Strong Inference of Scienter**

The SAC specifically pleads a strong inference of Defendants' contemporaneous "knowledge of facts or access to information contradicting [their] public statements" at the time they were made. *Novak*, 216 F.3d at 308. The inference of scienter "need not be irrefutable, *i.e.*, of the 'smoking gun' genre, or even the most plausible of competing inferences." *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007); *see also* Br. 19.

To begin, the SAC includes detailed, first-hand allegations ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[8] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇ ▇▇[9] Defendants' sole response is to argue that this evidence is "merely a repackaged version of Plaintiffs' prior theory" (Opp. 15), but allegations about ▇▇▇▇▇ ▇▇ are pled for the first time in the SAC. They do not "repackage" anything.

These ▇▇▇▇▇▇▇▇ are sufficient to establish scienter.[10] But the SAC alleges additional ways that Defendants were aware of Citi's ineffective and non-compliant ERM:



---

[8] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[9] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants inexplicably redefine the word "before" to mean "after," insisting that Dugan said the opposite of the plain words of his statement. Opp. 18. This too fails.

[10] *In re Eletrobras Sec. Litig.*, 245 F.Supp.3d 450, 468 (S.D.N.Y. 2017) (internal audits that "indicated significant problems with a lack of controls .... support a strong inference that [defendants] acted with scienter" in making statements about adequacy of controls); *Dobina v. Weatherford Int'l Ltd.*, 909 F.Supp.2d 228, 247 (S.D.N.Y. 2012) (allegations that defendants were aware of "audits [that] turned up multiple control deficiencies" supported inference of scienter concerning statements regarding adequacy of controls).

9

-  are alone sufficient to establish scienter. Defendants claim that the recipients of the reports are "unnamed" and their contents are "unspecified." Opp. 15-16. Not so. The SAC alleges, among other things, that ███████

    o As to the "specific contradictory information [] available to the defendants … at the time they made their misleading statements" (Order at 58-59; Opp. 15), the SAC alleges, for example:



- ███████████████████████████ Defendants' only response is to contend that the attendees are purportedly "unnamed." Opp. 15. This is incorrect. ███████

- ███████████████████████████

---

[11] Contrary to Defendants' protestations (Opp. 4 n.2), Defendant Mason signed the 2019 10-K and is liable for the materially false and misleading statements therein. *See, e.g.,* §VIII.B & C; Ex. D.

[12] *In re Scholastic Corp. Sec. Litig.,* 252 F.3d 63, 73 (2d Cir. 2001) (allegations "specifying who prepared internal company reports, how frequently the reports were prepared, and who reviewed them" supported inference of scienter); *see also New Orleans Emps. Ret. Sys. v. Celestica, Inc.,* 455 F.App'x 10, 14 (2d Cir. 2011) (Summary Order) (allegations "as to who prepared the spreadsheets, how frequently they were prepared, who reviewed them, and the issues they addressed" supported inference of scienter).



---

████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████ *In re Am. Express Co. Sec. Litig.*, No. 02 CIV.
5533 (WHP), 2008 WL 4501928, at *8 (S.D.N.Y. Sept. 26, 2008), *aff'd sub nom. Slayton v. Am.*
*Exp. Co.*, 604 F.3d 758 (2d Cir. 2010); *In re Wachovia Equity Sec. Litig.*, 753 F.Supp.2d 326, 352
(S.D.N.Y. 2011) ("there is no allegation that any [FE] met the Individual Defendants, reported any
concerns, received any instructions, or made any personal contact with them"); *Loc. No. 38 v. Am.*
*Exp. Co.*, 724 F.Supp.2d 447, 460 (S.D.N.Y. 2010) (similar); *In re Doral Fin. Corp. Sec. Litig.*,
563 F.Supp.2d 461, 466 (S.D.N.Y. 2008) (FE provided "no time frame within which the meetings
occurred, no indication of where within the PwC hierarchy the 'representatives' fell, and no
information regarding how extensively or in what manner the reports were discussed"), *aff'd sub*
*nom. W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 F.App'x 717 (2d Cir. 2009); *In re PXRE*
*Grp., Ltd., Sec. Litig.*, 600 F.Supp.2d 510, 537 (S.D.N.Y. 2009) ("no allegation … that these
concerns … were ever brought to the attention of the Individual Defendants"), *aff'd sub nom.*
*Condra v. PXRE Grp. Ltd.*, 357 F.App'x 393 (2d Cir. 2009).

[14] Nothing in the Sullivan Declaration negates this statement. Instead, the Sullivan Declaration's
admission that "escalating [OCC's] concerns into a public enforcement action *took some time*"
(Opp. 17 n.14), ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

11

These facts plead a strong inference of scienter, ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████    With the SAC's new allegations, that

inference is *at least as likely* as the inference "that the Defendants thought that their risk

management systems and controls were adequate at the time they made the statements." Order at

62. The latter cannot be a *more* plausible inference if the SAC were taken as true.

Finally, Defendants incorrectly maintain that the allegations derived from Citi former

employees should not be credited. Opp. 15-17. But what is required is that the FEs be "described

in the complaint with sufficient particularity to support the probability that a person in the position

occupied by the source would possess the information alleged." *Novak*, 216 F.3d at 314. Tellingly,

Defendants do not dispute that the SAC's allegations meet this standard. *Compare* ¶¶186-97.

Further, allegations based on FEs need not quote or attach documents or offer evidentiary matter

to establish "knowledge of facts or access to information contradicting [defendants'] public

statements" at the time they were made. *Novak*, 216 F.3d at 308 (sufficient for complaint to allege

"facts demonstrating that defendants failed to review or check information that they had a duty to

monitor"); *see also In re Scholastic*, 252 F.3d at 72 ("[W]e do not require the pleading of detailed

evidentiary matter in securities litigation."); *Celestica, Inc.*, 455 F.App'x at 13 (allegations that

confidential witnesses "participated in meetings" with defendants where they were "informed by

12

others" about facts contrary to their statements supported inference of scienter). The SAC exceeds the Second Circuit's standards.[16]

## II.    THERE IS NO UNDUE DELAY

Finally, Defendants argue "undue delay" because Plaintiffs did not seek to amend prior to the Court's ruling on the first motion to dismiss. In doing so, Defendants fault Plaintiffs for failing to make the "Hobson's choice" the Second Circuit explicitly prohibited in *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015). Defendants' pre-*Lorely* citations are thus irrelevant,[17] as are Defendants' remaining cases.[18]

"It is inappropriate to deny a plaintiff the opportunity to replead after a defendant's motion to dismiss is granted, simply because the plaintiff decided not to replead before learning whether the court would find the complaint insufficient." *Kopchik v. E. Fishkill, N.Y.*, 759 F.App'x 31, 38 (2018) (Summary Order) (reversing denial of leave to amend). There is no reason to depart here from established Second Circuit authority.[19]

---

[16] Defendants' conclusory reference to their loss causation argument as to the prior CAC (Opp. 19 n.15) does not address newly-pled allegations (*see* §IX) and in any event fails to satisfy the "heavy" burden required for dismissal on that basis (ECF 123 at 39-40). Plaintiffs' Section 20(a) claims should be sustained because the SAC pleads a predicate 10(b) violation and Defendants do not dispute that the Individual Defendants are controlling persons within the meaning of Section 20(a).

[17] And many of Defendants' pre-*Lorely* cases are factual inapposite, *see State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (failure to proffer proposed amended complaint); *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F.Supp. 310, 318 (S.D.N.Y. 2005) (same), *aff'd, Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2007); *Baez v. Delta*, 2013 WL 5272935, at *7 (S.D.N.Y. Sept. 18, 2013) (leave sought after close of discovery).

[18] *See Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 821 F.3d 349, 351-52 (2d Cir. 2016) (leave not sought before the district court); *In re AstraZeneca Sec. Litig.*, 2022 WL 4133258, at *10 (S.D.N.Y. Sept. 12, 2022) (no explanation of how plaintiffs would amend); *Lehman v. Ohr Pharm. Inc.*, 2020 WL 6729116, at *1 (S.D.N.Y. Nov. 16, 2020) (no proposed amended complaint proffered); *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2018 WL 4360777, at *6-7 (S.D.N.Y. Aug. 15, 2018) (leave sought after summary judgment briefing commenced).

[19] *See Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (reversing denial of leave to amend: proposed complaint was "the first complaint to be considered after the district court decided a motion to dismiss"); *Barron v. Helbiz, Inc.*, No. 21-278, 2021 WL 4519887, at *3 (2d Cir.

13

## III.    CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs' motion to amend.

Dated: August 4, 2023                              Respectfully submitted,

                                                   **BLEICHMAR FONTI & AULD LLP**

                                                   */s/ Javier Bleichmar*
                                                   Javier Bleichmar
                                                   Joseph A. Fonti
                                                   Erin H. Woods
                                                   Benjamin F. Burry

                                                   7 Times Square, 27th Floor
                                                   New York, New York 10036
                                                   Telephone: (212) 789-1340
                                                   Facsimile: (212) 205-3960
                                                   jbleichmar@bfalaw.com
                                                   jfonti@bfalaw.com
                                                   ewoods@bfalaw.com
                                                   bburry@bfalaw.com

                                                   *Counsel for Lead Plaintiff Public Sector
                                                   Pension Investment Board and
                                                   Named Plaintiff Anchorage Police & Fire
                                                   Retirement System, and Lead Counsel for the
                                                   Putative Class*

---

Oct. 4, 2021) (Summary Order) (reversing denial: "We have been particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue because without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."); *Schvimmer v. Off. of Court Admin.*, 857 F.App'x 668, 673 (2d Cir. 2021) (Summary Order) (abuse of discretion to deny leave to amend for undue delay due to failure to amend complaint prior to motion to dismiss decision); *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F.App'x 21, 25 (2d Cir. 2017) (Summary Order) (reversing denial: "It is the District Court's ruling, not the defendant's arguments in support of a motion to dismiss, that puts a plaintiff on notice of the complaint's deficiencies.").

14