# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 16, 2024

Via ECF

Hon. Loretta A. Preska,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007.

        Re:    *In re Citigroup Securities Litigation*, No. 1:20-cv-09132 (LAP)

Dear Judge Preska:

      I write on behalf of the remaining defendants in the above-referenced action to advise the Court of the April 12, 2024 U.S. Supreme Court decision in *Macquarie Infrastructure Corp.* v. *Moab Partners, L.P.*, 601 U.S. ___ (2024) (attached as Exhibit A). *Macquarie* squarely forecloses one of plaintiffs' theories of liability, and thus further supports denial of plaintiffs' motion for leave to amend.

      In *Macquarie*, a unanimous Supreme Court held that a violation of Securities and Exchange Commission Item 303—which requires public companies to disclose "known trends or uncertainties" that could impact their income—cannot alone support a private lawsuit brought under SEC Rule 10b-5(b) and Section 10(b) of the Securities Exchange Act of 1934.  That is because Rule 10b-5(b) does not impose liability for a "pure omission," regardless of whether that omission violated Item 303.  (Ex. A at 5.)  In reaching this conclusion, the Court reversed the Second Circuit and overruled *Stratte-McClure* v. *Morgan Stanley*, which previously held that Item 303's affirmative disclosure duty could serve as the basis for a securities fraud claim.  (*See* Ex. A at 4 n.1 (quoting *Stratte-McClure* v. *Morgan Stanley*, 776 F.3d 94, 101 (2d Cir. 2015)).)

      In their Proposed Second Amended Complaint and Motion for Leave to Amend, plaintiffs again seek to assert a claim based on a purported violation of Item 303 and the Second Circuit's now-overruled decision in *Stratte-McClure*.  Plaintiffs assert that defendant Citigroup Inc.'s annual reports omitted information regarding known adverse

Hon. Loretta A. Preska, U.S.D.J.                                                                                              -2-

trends in violation of Item 303.  (*See* ECF No. 162 ¶ 299  ("The failure to disclose a material trend, uncertainty, or event in violation of Item 303 is an omission that is actionable under the federal securities laws.  *See Stratte-McClure* v. *Morgan Stanley*, 776 F.3d 94, 101 (2d Cir. 2015).").)  *Macquarie* rejects precisely that claim, and makes clear that plaintiffs' proposed amendments as to this claim are futile as a matter of law.  (*See also* ECF No. 161 (Motion to Amend) at 15, 17 (arguing that "violations of Item 303" were one of the "three categories of falsity" alleged in the proposed second amended complaint); ECF No. 163 (Reply) at 4, 5 (arguing that "Defendants had an affirmative duty to disclose these material facts under Item 303").)

        In light of *Macquarie*, plaintiffs' proposed claims predicated on defendants' alleged "pure omissions" in Citigroup Inc.'s annual report cannot stand.  (Ex. A at 5; ECF No. 161 (Motion to Amend) at 17.)  All that conceivably remains are plaintiffs' proposed claims based on the eight affirmative statements challenged in the Proposed Second Amended Complaint.  (*See* ECF No. 152 (Opp. to Motion to Amend).)  As explained in defendants' opposition, those eight statements cannot support plaintiffs' proposed claims because (i) the statements are too general to be actionable or not alleged to be false when made (ECF No. 152 at 3-12); (ii) plaintiffs have not pled any defendant's conscious misconduct or recklessness as required for scienter (ECF No. 152 at 13-18); and (iii) plaintiffs unduly delayed in moving to amend their complaint. (ECF No. 152 at 19-20.)  In light of *Macquarie* and these additional grounds, plaintiffs' motion to amend should be denied.

        Respectfully,

        */s/ Sharon L. Nelles*
        Sharon L. Nelles

cc:     All Counsel of Record (via ECF)